Spencer JOLES, Appellant,

v.

The STATE of Texas, Appellee.

No. 57500.

Court of Criminal Appeals of Texas, Panel No. 3.

March 29, 1978.

■■■■■■■■■■■■■■■

Frank B. Murchison, Corsicana, on appeal only, for appellant.

Pat Batchelor, Dist. Atty., W. D. Ralston, Jr., Asst. Dist. Atty., Corsicana, for the State.

Before ROBERTS, PHILLIPS and VOLLERS, JJ.

## OPINION

ROBERTS, Judge.

Appellant waived trial by jury and entered a plea of guilty before the court to an indictment charging him with a subsequent offense of driving an automobile over and upon a public road in Navarro County while under the influence of intoxicating liquor. The punishment was assessed at imprisonment for three years.

The appeal is before us on the following four grounds of error:

"I.

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ENTERING A JUDGMENT OF CONVICTION BASED UPON THE INDICTMENT FOUND IN THE TRANSCRIPT AT PAGE 7, BECAUSE THE INDICTMENT FAILS TO ALLEGE THAT THE DEFENDANT WAS OPERATING HIS MOTOR VEHICLE UPON A 'STREET OR ALLEY WITHIN THE LIMITS OF AN INCORPORATED CITY, TOWN OR VILLAGE' WHEN IN FACT THE DEFENDANT WAS ARRESTED WITHIN THE CITY OF CORSICANA, TEXAS, BY CITY POLICEMEN OF THE SAID CITY.

"II.

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ENTERING A JUDGMENT OF CONVICTION AGAINST THE DEFENDANT UPON AN INDICTMENT AND EVIDENCE IN SUPPORT OF SUCH INDICTMENT WHICH ALLEGED AND PROVED A PRIOR MISDEMEANOR CONVICTION FOR D.W.I. DATED JUNE 1, 1953, BECAUSE THE SAME WAS OVER TWENTY–TWO (22) YEARS REMOTE, WAS STALE AND BARRED FROM USE AS A MATTER OF LAW.

"III.

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN SENTENCING THE DEFENDANT FOR A TERM OF ONE (1) DAY TO THREE (3) YEARS IN THE STATE PENITENTIARY BASED ON A JUDGMENT ENTERED FINDING THE DEFENDANT GUILTY OF D.W.I., WHEN THE LAWFUL RANGE OF PUNISHMENT FOR D.W.I. IS NOT LESS THAN THREE (3) DAYS NOR MORE THAN TWO (2) YEARS IN COUNTY JAIL.

"IV.

"IN THE ALTERNATIVE TO GROUND OF ERROR NO. III, THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ENTERING A JUDGMENT OF RECORD FOR D.W.I., AFTER PRONOUNCING JUDGMENT IN OPEN COURT FOR D.W.I. SUBSEQUENT OFFENSE, THE TWO OFFENSES BEING SEPARATE AND INDEPENDENT."

We overrule these contentions and affirm the judgment of the trial court.

Art. 6701*l*–2, Vernon's Ann.Civ.St., provides:

"Any person who has been convicted of the misdemeanor offense of driving or operating an automobile or other motor vehicle upon any public road or highway in this state, or upon any street or alley within an incorporated city, town or' village, while intoxicated or under the influence of intoxicating liquor, and who shall thereafter drive or operate an automobile or other motor vehicle upon any public road or highway in this state, or upon any street or alley within the limits of an incorporated city, town or village, while such person is intoxicated or under the influence of intoxicating liquor, shall for each and every subsequent such violation

be guilty of a felony; and upon conviction shall be punished by a fine of not less than One Hundred ($100.00) Dollars nor more than Five Thousand ($5,000.00) Dollars or confinement in the county jail not less than ten (10) days nor more than two (2) years, or by both such fine and imprisonment, or by confinement in the state penitentiary not to exceed five (5) years."

In his first ground of error appellant argues that, since the indictment alleged that appellant drove an automobile "over and upon a public road" in Navarro County, the conviction cannot stand, because the proof showed that appellant was arrested within the city limits of Corsicana by the Corsicana City Police. He further argues that, to properly charge appellant with the offense under the instant case, the indictment should have alleged that appellant drove his automobile upon a street or alley within the incorporated city limits of Corsicana.

■ Appellant's first contention was decided adversely to him in the case of *White v. State,* 131 Tex.Cr.R. 69, 95 S.W.2d 429 (1936). There it is stated:

"Appellant contends that there is a variance between the proof and the allegation in the indictment as to the place where the automobile was operated. In short, it is his position that proof that the car was operated on a public street in the city of Wellington will not sustain the allegation that said car was operated on a public highway in the county of Collingsworth. This contention cannot be sustained. We have expressly held that a street within a city is a public road within the meaning of the statute (Vernon's Ann.P.C., art. 802). *Blackman v. State,* [Tex.Cr.App., 20 S.W.2d 783]. As already observed, in Blackman's Case the indictment charged that, while intoxicated, the accused drove a motor vehicle upon a public highway situated in Randall county, Tex. The proof on the part of the state was to the effect that the car was driven upon various streets of Amarillo, an incorporated city. It was also shown that certain of the streets of Amarillo

upon which the car was driven were in Randall county, Tex. We held that there was no variance."

In his second ground of error appellant contends that it was error for the State to use a prior misdemeanor conviction for the offense of driving an automobile upon a public road while intoxicated, because the conviction occurred over 22 years prior to the instant violation and was too remote, stale, "and barred from use as matter of law." However, a review of Art. 6701*l*–2, supra, reveals that it contains no time limitation as to the use of the prior misdemeanor conviction.

In the case of *Milligan v. State,* 554 S.W.2d 192 (Tex.Cr.App.1977), the defendant was convicted for unlawful possession of a firearm by a felon in violation of V.T.C.A., Penal Code, Sec. 46.05. That statute makes it a third-degree felony for a person who has been convicted of a felony involving an act of violence or threatened violence to a person or property to possess a firearm away from the premises where he lives. The evidence against Milligan showed that he possessed a pistol in violation of the statute, having a previous California conviction for robbery in 1950. On appeal Milligan argued that the 1950 conviction was too remote in time. In overruling appellant's contention, it was stated:

"Appellant further argues that the prior felony involving an act of violence alleged as a basis for this prosecution, having occurred in 1950, was too remote in time. However, we construe this statute to be similar to the enhancement statute, V.T.C.A., Penal Code, Sec. 12.-42(d). In *Hicks v. State,* 545 S.W.2d 805 (Tex.Cr.App.1977), this court held that, unlike the rule that a prior conviction too remote in time cannot be used for impeachment purposes, a prior conviction may be utilized for enhancement no matter how remote. Similarly, a prior conviction may be utilized under V.T.C.A., Penal Code, Sec. 46.05, no matter how remote."

■ The rationale of *Milligan* is equally applicable in the present case. Conse-

quently, we hold that a prior misdemeanor conviction for driving an automobile upon a public road while under the influence of intoxicating liquor may be utilized under Art. 6701*l* –2, supra, no matter how remote.

 Appellant's third and fourth grounds of error relate to the fact that both the judgment and sentence recite that appellant stands convicted of "D.W.I." Where, as in the present case, this Court has the necessary data and evidence before it for reformation, the judgment and sentence may be reformed on appeal. *Vasquez v. State,* 477 S.W.2d 629 (Tex.Cr.App.1972). The indictment charged appellant with a subsequent offense of driving a motor vehicle upon a public road in Navarro County while under the influence of intoxicating liquor. The trial court found appellant "guilty as charged in the indictment." In pronouncing sentence the trial court stated that appellant had previously been found guilty of the offense of "D.W.I. subsequent offence, . . ." Consequently, pursuant to our authority under Art. 44.24(b), Vernon's Ann.C.C.P., the judgment and sentence are reformed and corrected to reflect that appellant stands convicted of the subsequent offense of driving an automobile upon a public road in Navarro County while under the influence of intoxicating liquor.

As reformed, the judgment is affirmed.