Naji C. MAZLOUM, Appellant,

v.

The STATE of Texas, Appellee.

No. 1433–88.

Court of Criminal Appeals of Texas, En Banc.

June 7, 1989.

Lee Wilson, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Linda A. West and Harry Lawrence, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

The trial court revoked appellant's probation and sentenced him to confinement for 60 days. The First Court of Appeals reversed the revocation, holding that the written judgment revoking probation was based upon an invalid ground. *Mazloum v. State*, No. 01–88–00303–CR, 1988 WL 124521 (Tex.App.—Houston [1st], November 17, 1988). The State has filed a petition for discretionary review contending that the trial court's oral findings are sufficient to support the revocation. The State requests that the judgment be reformed to properly reflect the trial court's order.

Appellant pled nolo contendere to the offense of criminal mischief and was sentenced to six months' confinement, probated, and a $100.00 fine. The State filed a motion to revoke appellant's probation alleging, among other things, that appellant traveled outside Harris County without prior permission of the court. Subsequently, the State filed an amended motion to revoke, alleging that appellant possessed marihuana.

At the hearing on the motion to revoke, the trial court "specifically" found that appellant had violated the terms and conditions of probation by traveling outside Harris County without prior permission; and by unlawfully possessing marihuana. The written judgment revoking appellant's probation recites only the violation pertaining to the possession of marihuana. However, appellant's probation cannot be revoked on the violation of possession of marihuana because the offense occurred after appellant's probationary term had expired.

The Court of Appeals reversed the revocation, holding that the written order controls over oral announcements. The court relies upon *Eubanks v. State*, 599 S.W.2d 815 (Tex.Cr.App.1980), and *Ablon v. State*, 537 S.W.2d 267 (Tex.Cr.App.1976). The State contends that the instant case is controlled by *Joles v. State*, 563 S.W.2d 619 (Tex.Cr.App.1978). We agree.

In *Eubanks*, supra, the trial court's oral pronouncement revoking probation was general, while the written order specified a ground upon which no evidence had been presented. In *Joles*, supra, the judgment recited that the defendant had been convicted of "D.W.I." The defendant had been charged with a subsequent offense of driving while intoxicated and the trial court found him "guilty as charged in the indictment." We reformed the judgment to reflect that the defendant was convicted of the subsequent offense of driving while intoxicated. Cf. *Milczanowski v. State*, 645 S.W.2d 445 (Tex.Cr.App.1983). In the instant case, the trial court specifically found that appellant had violated the terms and conditions of his probation by traveling outside Harris County without prior permission. That finding was not included in the judgment. This situation is like that in *Joles*, supra.

Consequently, we reform the judgment to reflect that appellant violated the terms and conditions of his probation by traveling outside Harris County without prior permission when, on August 3, 1987, appellant traveled to Boston, Massachusetts. The judgment of the Court of Appeals is reversed and, as reformed, the judgment of the trial court is affirmed.

CLINTON, TEAGUE and MILLER, JJ., dissent.