In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00076-CR


______________________________




DANIEL SHAWN JACKSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 115th Judicial District Court


Upshur County, Texas


Trial Court No. 12,308




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION



 On October 5, 1999, Daniel Shawn Jackson waived a jury trial and pled guilty to
sexual assault as charged in the indictment. The charged offense is a second degree
felony. See Tex. Pen. Code Ann. § 22.011 (Vernon 2003). Pursuant to a plea agreement,
the trial court deferred a finding of guilt, placed Jackson on community supervision for a
period of five years, and dismissed a second charge against Jackson. 

 On November 20, 2000, April 25, 2001, and November 5, 2002, the trial court
approved three, separate, agreed modifications to the conditions of Jackson's community
supervision. The November 5 modification extended Jackson's community supervision for
one year and required him to submit to residential drug treatment for a minimum of six
months. The prior modifications to Jackson's terms of community supervision had also
included periods of incarceration in the Upshur County jail and attendance at drug
education programs. 

 On January 29, 2003, the State filed a final motion to adjudicate Jackson's guilt. 
The State alleged Jackson had not reported to his community supervision officer during
several months preceding November 2002, had not performed his assigned community
work service during several months before November 2002, had failed to pay his
scheduled fees for community supervision from July 2000 until December 2002, and had
failed to submit to and remain at the residential substance abuse treatment facility for no
less than six months. Jackson pled "not true" to violating his community supervision. 

 Jackson's community supervision officer, Linda Keller, testified Jackson failed to
successfully complete the residential drug treatment program because he had not followed
the rules and regulations of the program. Jackson told the trial court he was kicked out of
the residential drug treatment program and the program director wanted him to go to a boot
camp facility for a few months and then return to the residential treatment center to
continue his treatment for drug use. Jackson testified the rules he violated included
unauthorized trading of commissary goods (1) and incomplete performance of his "extra duty"
hours. (2) At the conclusion of the hearing, the trial court found Jackson had violated his
community supervision, adjudicated Jackson's guilt, and assessed his punishment at
twelve years' imprisonment.

 On July 2, 2003, Jackson's appellate counsel filed an Anders (3) brief in which he
professionally discussed the record, described the issues reviewed, and concluded there
were no arguable grounds for appeal and, as required by Anders, also filed a motion to
withdraw. Counsel also sent Jackson a copy of the appellate brief and informed him of his
right to file a response pro se and of his right to review the record. 

 This Court informed Jackson at that time his response, if any, was due by August 1,
2003. As of this date, Jackson has not filed a response pro se. We have independently
reviewed the record and the brief filed by counsel in this appeal, and we agree there are
no arguable issues that would support an appeal in this case. 

 Jackson admitted failing to complete the residential drug treatment program as
required by the trial court's November 5, 2002, modification order. Accordingly, the trial
court did not abuse its discretion by finding Jackson had violated that term of his
community supervision. The trial court also assessed Jackson's punishment at twelve
years' imprisonment. This is within the range permitted under Texas law. See Tex. Pen.
Code Ann. § 12.33(a) (Vernon 2003). Therefore, the trial court did not abuse its discretion
by adjudicating Jackson's guilt or by assessing his punishment at twelve years'
imprisonment.

 Finally, Jackson's appellate counsel draws our attention to several errors in the trial
court's judgment. First, the trial court's judgment states Jackson pled "true" to violating the
terms of his community supervision. Jackson, however, pled "not true." Second, the
judgment includes violations that occurred before the November 5, 2002, modification
order. At the conclusion of the hearing, the trial court directed the district attorney to
prepare the judgment. A trial court may not consider allegations of violations that occurred
before a previous modification order when, as is the case here, those same allegations
were the subject of a prior state's motion to adjudicate guilt and that motion was dismissed
pursuant to an agreed modification and continuation of the defendant's community
supervision, as approved by the trial court. See Wester v. State, 542 S.W.2d 403, 405-06
(Tex. Crim. App. 1976). Thus, it appears several pre-November 5, 2002, allegations were
erroneously included in the trial court's judgment.

 Appellate courts have the power to reform a trial court's judgment. See Mazloum
v. State, 772 S.W.2d 131, 132 (Tex. Crim. App. 1989). We reform the judgment to reflect
Jackson's plea of "not true" to the alleged violations and to delete the notations regarding
any alleged violations that occurred before November 2002 (as these were not properly
before the trial court), and we otherwise affirm the trial court's judgment.



 Donald R. Ross

 Justice



Date Submitted: October 1, 2003

Date Decided: October 14, 2003


Do Not Publish
1. According to Jackson's testimony, he exchanged a bag of coffee and some sweat
pants for a ring owned by another resident at the treatment program. The ring was
apparently similar to his wedding ring, which Jackson had sold and was seeking to replace.
2. Jackson claimed a peer at the program had failed to record the proper number of
hours Jackson worked.
3. Anders v. California, 386 U.S. 738 (1967).



"false" QFormat="true" Name="List Paragraph"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00012-CR

                                                ______________________________

 

 

                                        JERRY CRAIG,
JR., Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 241st
Judicial District Court

                                                             Smith County, Texas

                                                       Trial Court
No. 241-1385-10

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

            Jerry
Craig, Jr.,[1]
pled guilty to the charge of robbery and elected that the jury assess
punishment.  The trial court accepted
Craigs plea and instructed the jury to find him guilty.  Craig also pled true to having been convicted
of a prior felony, which enhanced the range of punishment to a first degree
felony.  After the jury assessed
punishment of forty-two years imprisonment, the trial court sentenced Craig
accordingly.  On appeal, Craig claims his
trial counsel was ineffective.  We
overrule Craigs point of error and affirm the trial courts judgment and
sentence.  

            Craigs
claim of ineffective assistance of counsel is based on references by the State,
in opening argument, and in questions posed to the robbery victim, which
brought out evidence the victim was a cancer survivor.  Diane Cannella, the clerk at the CVS
drugstore which Craig admitted robbing,[2]
testified that about twelve years before the robbery, she had undergone
successful treatment for leukemia.  Craig
claims that such evidence was irrelevant, or even if it had relevance, it was
substantially more prejudicial than probative, and that by admitting it, the
State encouraged the jury to reach a punishment verdict on an improper basis,
to-wit, the allegedly irrelevant testimony from Cannella.  Thus, argues Craig, his trial counsel was
ineffective for failing to object to the States introduction of this evidence
and discussion of it in argument.  

I.          Standard to Establish
Ineffective Assistance of Counsel

            The
Sixth Amendment to the United States Constitution, and Article 1, Section 10 of
the Texas Constitution, guarantee individuals the right to assistance of
counsel in a criminal prosecution.  U.S. Const. amend. VI; Tex. Const. art. 1, § 10.  The right to counsel requires more than the
presence of a lawyer; it necessarily requires the right to effective
assistance.  McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970); Powell v. Alabama, 287 U.S. 45, 57
(1932).  However, the right does not
provide a right to errorless counsel, but rather to objectively reasonable
representation.  See Strickland v. Washington,
466 U.S. 668, 686 (1984); Robertson v.
State, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006).

            Ineffective
assistance of counsel claims are evaluated under the two-part test formulated
by the United States Supreme Court in Strickland,
requiring a showing of both deficient performance and prejudice.  Strickland,
466 U.S. at 689; Thompson v. State, 9
S.W.3d 808, 812 (Tex. Crim. App. 1999); Fox
v. State, 175 S.W.3d 475, 485 (Tex. App.Texarkana 2005, pet. refd).  Ineffective assistance of counsel claims
cannot be built on retrospective speculation, but must be firmly rooted in
the record, with the record itself affirmatively demonstrating the alleged
ineffectiveness.  Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002).  First, Craig must show that trial counsels
representation fell below an objective standard of reasonableness.  Fox,
175 S.W.3d at 485 (citing Tong v. State,
25 S.W.3d 707, 712 (Tex. Crim. App. 2000)).  We indulge a strong presumption that counsels
conduct falls within the wide range of reasonable, professional assistance and
was motivated by sound trial strategy.  See Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  If counsels reasons for his conduct do not
appear in the record and there is at least the possibility that the conduct
could have been legitimate trial strategy, we will defer to counsels decisions
and deny relief on an ineffective assistance claim on direct appeal.  Ortiz v.
State, 93 S.W.3d 79, 8889 (Tex. Crim. App. 2002).[3]

            The
second Strickland prong requires a
showing that the deficient performance prejudiced the defense to the degree
that there is a reasonable probability that, but for the attorneys deficiency,
the result of the trial would have been different.  Strickland,
466 U.S. at 689; Tong, 25 S.W.3d at
712.  Failure to satisfy either part of
the Strickland test is fatal.  Ex parte
Martinez, 195 S.W.3d 713, 730 (Tex. Crim. App. 2006).  It is not necessary to conduct the Strickland analysis in any particular
order; if an appellant cannot demonstrate sufficient prejudice, a court may
dispose of the claim on that ground.  Strickland, 466 U.S. 697; Hagens v. State, 979 S.W.2d 788, 79394
(Tex. App.Houston [14th Dist.] 1998, pet. refd); Gamboa v. State, 822 S.W.2d 328, 330 (Tex. App.Beaumont 1992, pet.
refd).

II.        Was Counsels
Performance Deficient?

            Craig
claims Cannellas medical history was not relevant to her description of the
robbery.  We observe that it is not
uncommon to introduce witnesses with preliminary questions about their family
life and history.  Here, the background
questions to the witness included her birthplace, childhood residence, marriage
and children, previous employment, medical history of leukemia, transfer to
Smith County, and finally, her employment with CVS Pharmacy where this offense
occurred.  While none of this information
is directly relevant in determining the punishment, it is commonly presented by
both the State and the defense, without objection, to introduce the witness to
the jury.  See Hunt v. State, No.
14-00-01293-CR, 2001 Tex. App. LEXIS 8469, at *67 (Tex. App.Houston [14th
Dist.] Dec. 20, 2001, pet. refd) (mem. op., not designated for publication)[4]
(It is clear from the record that the question, together with those that
preceded it, occurring during the first one or two minutes of Mr. Holmes
testimony, was intended to be background information introducing the witness to
the jury.  Such introductory questions,
while perhaps legally irrelevant, are commonplace and accepted.).  It is true Cannellas past illness and
successful treatment did not have an explicit tendency to make a fact of
consequence more probable or less probable. 
Tex. R. Evid. 401.  But in the course of introducing the witness
and having her explain her life before moving to Smith County, we cannot say
that briefly touching on the witness personal story was so improper as to
require an objection by counsel.  As has
been stated in hundreds of previous cases urging that counsel was ineffective,
there are numerous reasons counsel may decide it is not in the clients best
interest to object to irrelevant evidence and without a record, we cannot
determine counsel had no logical rationale for failing to object.  

            Based
on the state of the record before us, silent as it is regarding trial counsels
actions, Craig has failed to rebut the strong presumption that counsels
representation was within a wide range of reasonable, professional assistance,
and was motivated by sound trial strategy. 
The state of the record precludes Craig from meeting the first prong of
the Strickland test, and he thus
cannot prove his claim of ineffective assistance of counsel.  See
Lopez v. State, No. PD-0481-10, 2011
Tex. Crim. App. LEXIS 826, at *13 (Tex. Crim. App. June 15, 2011).  Having failed on the first Strickland prong, Craigs claim of
ineffective assistance of counsel fails. 
Martinez, 195 S.W.3d at 730 (failure
to satisfy either prong of Strickland
test fatal).

III.       Inability to Show
Prejudice 

            Even
if Craig could demonstrate his trial counsel rendered deficient performance in
his trial representation, we would not find Craig was prejudiced.  The State alluded to Cannellas medical
history in opening argument:  the State
described Cannella as a cancer survivor, and said, 

[I]n 1995 she was diagnosed with leukemia, and she
went through a three- to four-year battle fighting cancer, going through all
the treatments that someone would go through who has a life-threatening disease
like she had.  And she battled it as hard
as she could and she beat it.

 

These statements were the only
references in about eight pages of opening argument.  The rest of the States time was spent
summarizing the anticipated evidence about the offense and Craigs criminal
history.  Cannellas testimony at trial
takes up about seventeen pages of direct examination; the State questioned her
for about twelve lines of testimony regarding her leukemia and treatment.  Unprompted, she later made one mention of her
past illness, answering a State question about Craig having threatened her
life:  Well, after battling leukemia
trying to work and raise a family, I never thought Id be threatened and killed
over two cartons of cigarettes.  Discussion
of Cannellas surviving cancer was a relatively small part of the States
evidence.  

            Cannella
also described the robbery and her fear; a co-worker testified to what she saw
that night at the store; the jury was presented evidence of still pictures
taken from the stores security cameras showing Craig intimidating or
threatening Cannella and Craigs prior convictions (which included three
convictions for forgery; the robbery used to enhance his range of punishment;
and Nebraska convictions for the misdemeanors of contributing to the
delinquency of a minor and procuring/selling alcohol to a minor).  Craig acknowledged his guilt for this crime
and the prior robbery charge.  The facts
do not establish that even if deficient performance were shown by counsels
failure to object to Cannellas testimony about her medical history, there is a
reasonable probability the punishment trial would have had a different
outcome.  See Strickland, 466 U.S.
at 694.  

            Craig has failed to demonstrate his
trial counsel was ineffective, and we overrule his appellate complaint.  We affirm the judgment of the trial
court.  

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          July 28, 2011

Date Decided:             August 2, 2011

 

Do Not Publish

 











[1]This
case was transferred to this Court from the Tyler Court of Appeals as part of
the Texas Supreme Courts docket equalization program.  Tex.
Govt Code Ann. § 73.001 (West 2005).  We are not aware of any conflict between the
precedent of the Tyler Court and the precedent of this Court on any issue
relevant in this appeal.  See Tex.
R. App. P. 41.3.

 





[2]Craig
approached the clerk at the counter and asked the price of different cartons of
cigarettes; he requested one or two cartonsthe testimony is not clearand a
cigar.  After the clerk totaled the
items, Craig told her to void the cigar purchase; he then grabbed the bag
with the cigarettes.  When the cigarettes
fell from the bag, he commanded the woman to pick up the cigarettes or he would
shoot her, although there was no evidence he brandished a firearm. 





[3]The
record on direct appeal is frequently insufficiently developed to support a
claim of ineffective assistance of counsel; the best way to make a sufficient
record to support such a claim is by a hearing on a motion for new trial or a
hearing on an application for writ of habeas corpus.  Jackson,
877 S.W.2d at 773.  When facing a silent
record as to defense counsels strategy, an appellate court will not speculate
as to counsels tactics or reasons for taking or not taking certain actions.  Id.
at 771.  Because the trial record is
directed to the issues of guilt or innocence and punishment (or in this case,
punishment alone), an additional record focused specifically on the conduct of
counsel, such as a record of a hearing on a motion for new trial asserting
ineffective assistance of counsel, is generally needed.  Kemp v.
State, 892 S.W.2d 112, 115 (Tex. App.Houston [1st Dist.] 1994, pet. refd).
 Only when counsels ineffectiveness is
so apparent from the record will an appellant prevail on direct appeal absent
a hearing on a motion for new trial asserting an ineffective assistance of
counsel claim.  Freeman v. State, 125 S.W.3d 505, 50607 (Tex. Crim. App. 2003); Kemp, 892 S.W.2d at 115.





[4]Although
this unpublished case has no precedential value, we may have guidance from it
as an aid in developing reasoning that may be employed.  Carrillo
v. State, 98 S.W.3d 789, 794 (Tex. App.Amarillo 2003, pet. refd).