Opinion issued June 30, 2004




     








In The
Court of Appeals
For The
First District of Texas




NO. 01–04–01208–CR




MARIO MORENO, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 183rd District Court 
Harris County, Texas
Trial Court Cause No. 969017




MEMORANDUM OPINION

          Appellant, Mario Moreno, pleaded guilty to burglary of a habitation without
an agreed recommendation as to punishment. The trial court assessed punishment at
five years confinement; imposition of the sentence was suspended and appellant was
placed on five years’ community supervision. The State subsequently filed a motion
to revoke, alleging appellant had violated conditions of his community supervision. 
Appellant pleaded not true to these allegations. Following an evidentiary hearing, the
trial court revoked appellant’s community supervision and imposed the original
sentence of five years’ confinement. In one point of error, appellant contends that the
evidence was factually insufficient to support the trial court’s decision to revoke
community supervision. We reform the trial court’s judgment, and as reformed, we
affirm.
Propriety of Revocation Decision
A.      Reformation of Judgment 
          In its motion to revoke, the State alleged that appellant had violated three
conditions of his community supervision by (1) committing an offense against the
State of Texas by “unlawfully, intentionally and knowingly” threatening Jack Harvey
with “imminent bodily injury by using and exhibiting a deadly weapon, namely, A
PELLET PISTOL;” (2) failing to pay a fine and court costs; and (3) “fail[ing] to
participate in a [G.E.D.] program beginning September 30, 2004 as ordered by the
Court.” 
          At the close of the revocation hearing, the trial court stated,
Court will find the allegation as to the GED true. The allegation as to
the failure to pay fine and Court costs as not true, and find that you have
violated your probation in that you did commit an offense against the
laws of this State or the United States by committing the lesser-included
offense as alleged by the State. I’ll find that you committed a terroristic
threat, which is a violation of your probation. 
          The Court’s judgment revoking community supervision lists only one ground
for the revocation: “law violation—failure to commit no offense against the laws of
this or any other state or of the United States.” The judgment did not list the trial
court’s finding that appellant had failed to participate in a G.E.D. program as ordered.
          This Court has the authority to correct a judgment to “speak the truth” when
we have the necessary data to do so. Joles v. State, 563 S.W.2d 619, 622 (Tex. Crim.
App. 1978); Asberry v. State, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet.
ref’d). This authority is not dependant on a request from any party and we may
reform a judgment sua sponte. St. Julian v. State, 132 S.W.3d 512, 517 (Tex.
App.—Houston [1st Dist.] 2004, pet. ref’d); Asberry, 813 S.W.2d at 530. If a trial
court specifically finds that the defendant violated terms of his community
supervision based on certain evidence, and that finding is not included in the
judgment, then the judgment may be reformed to reflect the trial court’s findings. See
Mazloum v. State, 772 S.W.2d 131, 132 (Tex. Crim. App. 1989); McCollum v. State,
784 S.W.2d 702, 705 (Tex. App.—Houston [14th Dist.] 1990, pet. ref’d); see also
Coffey v. State, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) (holding “when there
is a variation between the oral pronouncement of sentence and the written
memorialization of the sentence, the oral pronouncement controls”). 
          At the conclusion of the revocation hearing, the trial court specifically found
as true the State’s allegation that appellant had not participated in a G.E.D. program
as ordered. This finding is not included in the trial court’s judgment. Accordingly,
we reform the trial court’s judgment revoking community supervision to reflect the
trial court’s oral finding that appellant failed to participate in a G.E.D. program
beginning September 30, 2004, as ordered.


 See Mazloum, 772 S.W.2d at 132;
McCollum, 784 S.W.2d at 705. 
B.      Standard and Scope of Review for Revocation Decisions
          We view the evidence presented in a revocation proceeding in the light most
favorable to the trial court’s ruling. Garrett v. State, 619 S.W.2d 172, 174 (Tex.
Crim. App. 1981). To sustain a motion to revoke probation, the State must prove by
a preponderance of the evidence that the defendant violated the terms of his
probation. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). That burden
is met when the greater weight of the evidence before the court creates a reasonable
belief that the defendant violated a condition of community supervision. Taylor v.
State, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980); Joseph v. State, 3 S.W.3d 627,
640 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Appellate review of a trial
court’s order revoking community supervision is limited to determining whether the
trial court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim.
App. 1984); Dureso v. State, 988 S.W.2d 448, 450 (Tex. App.—Houston [1st Dist.]
1999, pet. ref’d). 
C.      No Challenge to Finding Regarding Lack of G.E.D. Program Participation
          In his sole point of error, appellant challenges the trial court’s judgment
revoking community supervision by contending the evidence was insufficient to
support the trial court’s finding that he had committed the offense of terroristic threat. 
          A finding of only one violation of the conditions of community supervision is
required to support a revocation. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim.
App. 1980); Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980). Thus,
in order to prevail, an appellant must successfully challenge all the findings that
support the revocation order. See Jones v. State, 571 S.W.2d 191, 193–94 (Tex.
Crim. App. 1978).
          Here, appellant does not challenge the trial court’s finding that he failed to
comply with the G.E.D. requirement. Indeed, the evidence presented at the
revocation hearing supports such a finding. The community supervision officer
assigned to the trial court testified that appellant did not provide documentation
proving that he had participated in a G.E.D. program as ordered. Appellant offered
into evidence a letter from a learning academy stating that he had “inquired about
GED classes on September 20, 2004,” but appellant offered no evidence that he had
participated in such a program. To the contrary, appellant admitted on cross-examination that he had not participated in a G.E.D. program as required. 
          Viewing the evidence in the light most favorable to the trial court’s ruling, the
State presented adequate evidence for the trial court to find that the State proved, by
a preponderance of the evidence, that appellant did not participate in a G.E.D.
program beginning September 30, 2004. This finding alone supports the trial court’s
revocation of appellant’s community supervision. See Moore, 605 S.W.2d at 926;
Sanchez, 603 S.W.2d at 871.
D.      Terroristic Threat Finding
          Although a finding of any one violation is sufficient to uphold the trial court’s
revocation of probation, out of an abundance of caution, we will also address
appellant’s challenge to the sufficiency of the evidence to support the trial court’s
finding that appellant committed the offense of terroristic threat. 
          A person makes a terroristic threat if he threatens to commit any offense
involving violence to any person or property with the intent to place any person in
fear of imminent serious bodily injury. Tex. Pen. Code Ann. § 22.07(a)(2) (Vernon
Supp. 2004–2005). Appellant contends that the evidence was factually insufficient
to show that he had the requisite intent to commit the offense of terroristic threat. 
Appellant refers us to the standard announced in Clewis v. State, which holds that
when determining whether the evidence is factually sufficient to support the verdict,
an appellate court must view the evidence without the prism of “in the light most
favorable to the prosecution.” 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). 
However, this Court held in Johnson v. State that the factual sufficiency standard
enunciated in Clewis is not applicable in probation revocation cases. See 943 S.W.2d
83, 85 (Tex. App.—Houston [1st Dist.] 1997, no pet.). Application of a factual
sufficiency review standard would conflict with the trial court’s discretion to revoke
community supervision.


 See id. Instead, because the decision to revoke is
committed to the discretion of the trial court, the evidence is examined in the light
most favorable to the trial court’s ruling revoking probation. See id. Accordingly,
this is the manner in which we view the evidence supporting the trial court’s finding
that appellant had made a terroristic threat.
          Jack Harvey testified that, on October 22, 2004, he was driving down a
Houston street when he noticed an acquaintance of his was pulled off on the median. 
Harvey pulled over to determine whether his acquaintance needed assistance. 
Finding that no assistance was needed, Harvey pulled back into traffic and continued
to drive down the two-lane street with his windows rolled down. At that point,
Harvey glanced out his passenger-side window and saw appellant driving a white
truck in the next lane. When he looked again at appellant, Harvey saw that appellant
had “pulled a pistol” out and was pointing it at him. Appellant asked Harvey what
he was doing. Harvey told appellant that he was “driving down the street minding
[his] own business.” Appellant then asked Harvey why Harvey had pulled out in
front of him. Harvey did not respond but instead reached down in his seat for his
telephone and called 9-1-1. According to Harvey, appellant then aimed “the pistol”
at him a second time by pointing it out the truck’s open window and resting it on the
truck’s door as he drove. Appellant then picked up speed, and Harvey followed
appellant until the police arrived. Harvey testified that he did nothing to provoke
appellant’s actions.
          Houston Police Officer Rodney Tyler testified that he was dispatched to the
scene. After pulling appellant over, the officer noticed what appeared to be a 9-millimeter pistol on the edge of the driver’s seat of appellant’s vehicle. Only by
examining it closely did Officer Tyler determine that the “9-millimeter pistol” was
in fact a pellet pistol. Officer Tyler also testified that, based on his training and
experience, the pellet pistol could cause serious bodily injury or death.
          As mentioned, appellant contends that the evidence does not show that he had
the intent to make a terroristic threat. It is well-settled that the requisite intent for a
terroristic threat may be inferred from the acts, words, or conduct of the accused. 
Dues v. State, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982). Here, Harvey’s
testimony that appellant pointed what appeared to be a firearm at him is evidence
from which the trial court, as fact finder, could have inferred from a preponderance
of the evidence that appellant had the intent to place Harvey in fear of imminent
serious bodily injury. 
          Appellant contends that Harvey’s testimony was not credible and points out
that Harvey’s version of the events is at odds with the testimony given at the
revocation hearing by appellant and the passenger who was in appellant’s vehicle
during the incident. However, in a revocation proceeding, the trial court determines
the credibility of the witnesses and the weight to be given their testimony. Jones v.
State, 787 S.W.2d 96, 97 (Tex. App.—Houston [1st Dist.] 1990, pet. ref’d). It may
accept or reject any or all of the witnesses’ testimony. Mattias v. State, 731 S.W.2d
936, 940 (Tex. Crim. App. 1987). Accordingly, the trial court was entitled to believe 
Harvey’s version of the events.
          Appellant also points out that Officer Tyler testified that the pellet gun was not
loaded. However, it is well settled that it is immaterial whether the accused charged
with making a terroristic threat had the capability or the intention to carry out his
threat. Dues, 634 S.W.2d at 305. 
          Having viewed the evidence in the light most favorable to the trial court’s
finding, we conclude that such evidence supported the trial court’s finding that the
State proved by a preponderance of the evidence that appellant had committed the
offense of terroristic threat. We hold that the trial court did not abuse its discretion
in revoking appellant’s community supervision.
          We overrule appellant’s sole point of error.
 

Conclusion
          We reform the judgment revoking community supervision to reflect the trial
court’s oral finding that appellant failed to participate in a G.E.D. program beginning
September 30, 2004, as ordered. As reformed, we affirm the judgment of the trial
court.




                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Taft, Alcala, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).