**Affirmed and Memorandum Opinion filed March 31, 2020.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-18-00978-CR

_____

**MAKEITHA DANAE SIMON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 1588731**

## MEMORANDUM OPINION

Appellant Makeitha Danae Simon entered a plea of guilty to the offense of aggravated assault of a family member. *See* Tex. Penal Code § 22.02(b)(1). Appellant was sentenced pursuant to a plea bargain agreement with the State to serve five years' deferred adjudication community supervision. The State subsequently moved to adjudicate appellant's guilt because she violated certain conditions of community supervision, specifically those conditions that required appellant to commit no further offenses and to have no contact with the complainant. Following

an evidentiary hearing, the trial court adjudicated appellant guilty and assessed punishment at two years in prison. Appellant raises two issues on appeal. In her first issue, appellant argues the trial court abused its discretion when it admitted the complainant's out-of-court statements because they were inadmissible hearsay. We overrule this issue because it was not outside the zone of reasonable disagreement for the trial court to conclude that the complainant's out-of-court statements were excited utterances. Appellant asserts in her second issue that the trial court violated the Confrontation Clause of the United States Constitution when it admitted testimony recounting the complainant's out-of-court statements. We overrule this issue because we conclude that the challenged testimony regarding the complainant's out-of-court statements is non-testimonial. We affirm the trial court's judgment.

## BACKGROUND

At the beginning of the adjudication hearing the State alleged appellant violated the terms of her community supervision by committing the offense of assaulting the complainant, a member of her household, by impeding breathing. The State further alleged that appellant violated the condition of her community supervision that required her to have no contact with the complainant. Appellant pleaded not true to the State's allegations.

The complainant did not testify at the hearing; the State presented the testimony of the officer who responded to the 911 call, Deputy Kevin Edmond. On July 1, 2018, Edmond was dispatched on a call involving domestic violence. When Edmond arrived at the apartment complex, he saw the complainant, who came running to the car. Edmond described the complainant as "hysterical," "kind of scared," and "talking fast." Edmond testified that he tried to get the complainant to calm down and that the complainant told him she had been assaulted. Appellant

objected to Edmond's testimony, but the trial court did not rule on appellant's objection. The trial court noted that the testimony was hearsay and asked the prosecutor whether the complainant was available to testify. The prosecutor responded that the complainant was an uncooperative "recanting victim" and would be unavailable.

Edmond continued his testimony stating that the complainant was excited and scared. Before speaking with the complainant Edmond did not know the location of the suspect in the domestic disturbance. Edmond did not know if the suspect may have been armed and did not know the level of risk associated with the situation. Before Edmond spoke with the complainant, he assessed the situation as an on-going emergency. In speaking with the complainant Edmond was determining what happened and where the suspect may have been located in order to protect the complainant.

Edmond testified that he received the dispatch call at 2:15 and arrived at the apartment complex eleven minutes later at 2:26. Edmond knew he was responding to an assault call and when he arrived a hysterical woman ran to his car. Edmond testified she appeared to be hysterical due to the startling condition of the call. At that time appellant objected to any hearsay arguing the State had not "laid the predicate" for an excited utterance exception. The trial court granted appellant a running objection to any hearsay.

Edmond testified that the complainant told him she had been strangled. Appellant then objected under the Sixth Amendment Confrontation Clause and the trial court granted a running objection. Edmond then testified the complainant told him she had been struck twice in the ear and was strangled. She also reported she was pushed against a television in the apartment. Edmond testified the complainant appeared credible; her ear was red and she was bruised but he did not observe any

3

marks on the complainant's neck. Edmond went into the apartment and saw that the television was pushed into the wall. There was also broken glass in the apartment. Edmond arrested appellant for assaulting the complainant. Edmond testified that the redness of the complainant's ear, cuts on her hand, and the state of the apartment were indications of a recent physical altercation.

The trial court found the State's allegations in the motion to adjudicate true and sentenced appellant to two years in prison.

## ANALYSIS

I. **The trial court did not abuse its discretion when it overruled appellant's hearsay objection and admitted the complainant's out-of-court statements.**

Appellant argues in her first issue that the trial court abused its discretion by adjudicating appellant guilty, finding she violated her court-ordered supervision based only on inadmissible hearsay.

Our review of an order adjudicating guilt and revoking community supervision is limited to determining whether the trial court abused its discretion in determining that the defendant violated the terms of her community supervision. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). A revocation hearing is not a criminal prosecution, and the degree of proof required to establish the truth of the allegation in a motion to adjudicate guilt and revoke community supervision is not the same. *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). Specifically, in a revocation hearing, the State must prove by a preponderance of the evidence that the defendant violated a condition of her community supervision. *Rickels*, 202 S.W.3d at 763. The State satisfies this burden of proof when the greater weight of credible evidence before the trial court creates a reasonable belief that it is more probable than not that the defendant has violated a condition of community

supervision. *Id.*

We review a trial court's decision to admit evidence for an abuse of discretion. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). A trial court abuses its discretion only if the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Balderas v. State*, 517 S.W.3d 756, 778 (Tex. Crim. App. 2016).

Hearsay is a statement made outside of court and offered into evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). Although hearsay is generally inadmissible, Texas Rule of Evidence 803 provides an exception for admitting excited utterances: statements "relating to a startling event or condition made while the declarant was under the stress of excitement that it caused." Tex. R. Evid. 803(2); *see Zuliani*, 97 S.W.3d at 595–96. There are three requirements for a statement to be an excited utterance:

> (1) the statement must be the product of a startling occurrence that produces a state of nervous excitement in the declarant and renders the utterance spontaneous;
>
> (2) the state of excitement must still so dominate the declarant's mind that there is no time or opportunity to contrive or misrepresent; and
>
> (3) the statement must relate to the circumstances of the occurrence preceding it.

*McCarty v. State*, 257 S.W.3d 238, 241 (Tex. Crim. App. 2008); *Kesaria v. State*, 148 S.W.3d 634, 642 (Tex. App.—Houston [14th Dist.] 2004), *aff'd*, 189 S.W.3d 279 (Tex. Crim. App. 2006).

Generally, a trial court may rely on the contents of the statement itself, along with the declarant's appearance, behavior, and condition, to determine the occurrence of an exciting event and the declarant's personal perception of it. *Ross v. State*, 154 S.W.3d 804, 809 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). The

5

court may also consider the time elapsed and whether the statement was in response to a question. *Salazar v. State*, 38 S.W.3d 141, 154 (Tex. Crim. App. 2001). It is not dispositive that the statement is an answer to a question or that it was separated by a period of time from the startling event; these are simply factors to consider in determining whether the statement is admissible under the excited utterance hearsay exception. *Id.* The critical determination is whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event or condition at the time of the statement. *Zuliani*, 97 S.W.3d at 596.

Appellant argues on appeal that the complainant's statements did not qualify as excited utterances because (1) it was speculation that the statements and the assault were close in time; and (2) the complainant's statements were made in response to police questioning.

Edmond testified that he arrived at the apartment complex eleven minutes after "the call dropped." The complainant's ear was red, she had cuts on her hands, and the television was pushed into the wall. The complainant immediately ran to Edmond's car talking fast and in a hysterical state. While the assault could have taken place long before the 911 call was placed, Edmond's testimony about the physical state of the complainant in addition to her emotional state, show the statements were not self-serving and were made shortly after the event. *See Apolinar v. State*, 155 S.W.3d 184, 190–91 (Tex. Crim. App. 2005) (testimony that declarant still appeared nervous or distraught and that there was reasonable basis for continuing emotional upset will often suffice).

Appellant also points out that the complainant's statements were partially made in response to Edmond's questioning. The mere fact that the statements are the result of questioning asking what happened does not make the statement inadmissible. *Id.* at 190; *Dixon v. State*, 358 S.W.3d 250, 260 (Tex. App.—Houston

6

[1st Dist.] 2011, pet. ref'd). Evidence that a statement was made in response to questioning is relevant to whether a statement violates the Confrontation Clause. *See Wall v. State*, 184 S.W.3d 730, 741 n. 40 (Tex. Crim. App. 2006); *Spencer v. State*, 162 S.W.3d 877 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). We address appellant's Confrontation Clause objection below.

The record reflects the complainant's statements were the product of a startling occurrence that produced a state of nervousness in the complainant, which still dominated her mind when Edmond responded to the 911 call. The complainant's statements related to the assault, which had taken place recently, and the complainant was still dominated by the emotions, excitement, fear, and pain of the event. We hold the trial court did not abuse its discretion when it admitted Edmond's testimony about the complainant's out-of-court statements as excited utterances. We overrule appellant's first issue.

## II. The trial court did not violate appellant's rights under the Confrontation Clause when it overruled her objection and admitted the complainant's out-of-court statements.

In her second issue appellant argues the trial court abused its discretion by admitting inadmissible hearsay and thereby denying appellant's right of confrontation under the Sixth and Fourteenth Amendments to the United States Constitution.

The Sixth Amendment provides that in all criminal prosecutions, the accused shall have the right to be confronted by the witnesses against her. U.S. Const. amend. VI. In *Crawford v. Washington*, 541 U.S. 36, 51, (2004), the Supreme Court of the United States held that the Sixth Amendment right of confrontation applies not only to in-court testimony, but also to out-of-court statements that are testimonial in nature. *Langham v. State*, 305 S.W.3d 568, 575 (Tex. Crim. App. 2010). The

Confrontation Clause forbids the admission of testimonial hearsay unless the declarant is unavailable to testify and the defendant had a prior opportunity to cross-examine the declarant. *Crawford*, 541 U.S. at 68. This "provides a simple yet unforgiving rule: the State may not introduce a testimonial hearsay statement unless (1) the declarant is unavailable to testify and (2) the defendant had a prior opportunity to cross-examine the declarant." *Lee v. State*, 418 S.W.3d 892, 895 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). Whether a particular out-of-court statement is testimonial is a question of law that we review de novo. *Wall*, 184 S.W.3d at 742.

The Court of Criminal Appeals has summarized three kinds of testimonial statements: (1) "ex parte in-court testimony or its functional equivalent," i.e., "pretrial statements that declarants would expect to be used prosecutorially;" (2) "extrajudicial statements contained in formalized testimonial materials," such as affidavits, depositions, or prior testimony; and (3) "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Langham v. State*, 305 S.W.3d 568, 576 (Tex. Crim. App. 2010).

The following principles are useful in determining whether particular statements are testimonial: (1) testimonial statements are official and formal in nature, (2) interaction with the police initiated by a witness or the victim is less likely to result in testimonial statements than if initiated by the police, (3) spontaneous statements to the police are not testimonial, and (4) responses to preliminary questions by police at the scene of the crime while police are assessing and securing the scene are not testimonial. *Villanueva v. State*, 576 S.W.3d 400, 405 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd); *Amador v. State*, 376 S.W.3d 339, 342–43 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd); *Dixon v. State*, 244 S.W.3d 472, 482

8

(Tex. App.—Houston [14th Dist.] 2007, pet. ref'd).

Not all statements made to a police officer, however, are testimonial. *Spencer v. State*, 162 S.W.3d 877, 883 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). In *Spencer*, we determined that a complainant's initial statements to police were not testimonial because they were made when the police arrived on the crime scene to assess and secure the scene, and they bore "no indicia of the formal, structured questions necessary for statements to be testimonial." *Id.*; *see also Wilson v. State*, 296 S.W.3d 140, 147 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (information solicited from the declarant was necessary to enable police to arrest the suspect and resolve the present emergency).

With the above principles in mind, we hold that the complainant's statements to Edmond were not testimonial in nature. The initial statements were not solicited by police in response to questioning but were spontaneously offered as soon as Edmond arrived. The statements were made approximately eleven minutes after the 911 call was placed. The complainant's ear was still red from the assault and the apartment reflected disarray from the recent assault. Any statements made in response to police questioning were made to secure the scene and determine whether the perpetrator was still on the premises and whether there was a continuing danger. Generally, statements made to police while the declarant is still in personal danger are not made with consideration of their legal ramifications because the declarant usually speaks out of urgency and a desire to obtain a prompt response; thus, those statements will not normally be deemed testimonial. *Wall*, 184 S.W.3d at 742.

Because the statements were not testimonial the trial court did not abuse its discretion in concluding that the Confrontation Clause was not violated. We overrule appellant's second issue.

9

**III.   The judgment does not warrant reformation**.

In a cross-issue the State asks us to reform the judgment of adjudication to reflect that the trial court found both allegations in the State's motion to adjudicate true. The State points out that at the hearing the trial court found the "allegations" true in finding that appellant violated the conditions of her community supervision. The State also points out that the trial court's judgment only listed one violation of community supervision, the commission of another offense.

The State correctly notes that this court may reform the judgment to correct a clerical error. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (stating appellate court has authority to reform a judgment to "speak the truth"). The State relies on *Mazloum v. State*, 772 S.W.2d 131, 132 (Tex. Crim. App. 1989) in arguing that the trial court's judgment contains a clerical error. In that case the Court of Criminal Appeals allowed a written order revoking probation that recited an invalid ground for revocation to be reformed to reflect a valid ground where the trial court orally made the specific valid finding. *Id.*

Generally, in criminal cases where there is a conflict between the oral pronouncement of a sentence and the sentence in the written judgment, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). However, when the discrepancy between the oral pronouncement and written judgment involves which terms and conditions of probation were violated, and on the basis of which violations the probation should be revoked and adjudication of guilt should be entered, the written order of the court controls over the oral announcement. *Eubanks v. State*, 599 S.W.2d 815, 817 (Tex. Crim. App. 1980); *Aguilar v. State*, 542 S.W.2d 871, 874 (Tex. Crim. App. 1976); *Ablon v. State*, 537 S.W.2d 267, 269 (Tex. Crim. App. 1976). The court re-affirmed this holding in *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) noting that those cases

10

all involved written probation revocation orders based on grounds that were inconsistent with the oral pronouncement of revocation. *Id.*

In *Mazloum*, relied on by the State, the court allowed a written order revoking probation that recited an invalid ground to be reformed to reflect a valid ground where the trial court orally made the specific valid finding. 772 S.W.3d at 132. In this case, unlike *Mazloum*, the written judgment does not reflect an invalid ground, but fails to list both grounds. We hold this case is controlled by the authority in *Eubanks* and *Coffey*, which holds that the written findings control over the oral announcement. We decline the State's request to reform the judgment and overrule the State's cross-issue.

## CONCLUSION

Having overruled appellant's issues on appeal, we affirm the judgment of the trial court.


/s/     Jerry Zimmerer
        Justice


Panel consists of Justices Jewell, Bourliot, and Zimmerer.

Do Not Publish — Tex. R. App. P. 47.2(b).