**Opinion issued April 7, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00766-CR

———————————

**GAIGE PORTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1727967**

---

## MEMORANDUM OPINION

In 2021, Appellant Gaige Porter pled guilty to aggravated assault of a family member and entered into a plea agreement under which the trial court placed him on deferred adjudication community supervision for four years. In 2024, the State moved to adjudicate Porter's guilt, alleging he had violated multiple terms of his

community supervision.  After a hearing, the trial court granted the State's motion, adjudicated Porter guilty, and sentenced him to fourteen years in prison.  Porter timely appealed.

Porter's appointed appellate counsel has filed a motion to withdraw, along with an *Anders* brief, stating that the record presents no reversible error and that the appeal is without merit and frivolous.  *See Anders v. California*, 386 U.S. 738, 744 (1967).

In her brief, counsel states that she has thoroughly reviewed the record and is unable to advance any ground of error that warrants reversal.  *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008); *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  Counsel's brief meets the *Anders* requirements because it presents a professional evaluation of the record and supplies the Court with references to the record and legal authorities. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).

Further, Porter's counsel certified to this Court that she mailed a copy of the motion to withdraw and *Anders* brief to Porter and informed him of his rights to access the appellate record and file a pro se response.  *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 408–09.  This Court also notified Porter at his last known address of his rights to access the

record and file a response, and it provided Porter with a form motion to access the record. *See Kelly*, 436 S.W.3d at 321–22.

Porter did not file a pro se response to counsel's *Anders* brief, and the State waived its right to file a response to the *Anders* brief.

We have independently reviewed the entire record. *See Mitchell*, 193 S.W.3d at 155. We conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—not counsel—determines, after full examination of the proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

However, we reform the trial court's written judgment to conform to its oral pronouncement of its findings at the hearing on the State's motion to adjudicate guilt. At the conclusion of the hearing, the trial court orally pronounced that it found the State had proven by a preponderance of the evidence that Porter violated the terms of his community supervision in three ways: contacting the complainant, traveling out of state without permission, and removing his ankle-monitoring device. But the trial court's written judgment states that the basis for its decision to grant the State's motion was its finding that "Defendant did then and there

violate terms and conditions of community supervision by committing an offense against the state of Texas on or about 03/07/2024."

We are authorized to reform the trial court's written judgment to reflect the findings it pronounced orally. *See Mazloum v. State*, 772 S.W.2d 131, 131–32 (Tex. Crim. App. 1989); *see also* TEX. R. APP. P. 43.2(b); *Orozco v. State*, No. 01-25-00088-CR, 2025 WL 2956238, at *2 (Tex. App.—Houston [1st Dist.] Oct. 21, 2025, no pet.) (mem. op., not designated for publication) ("[A]ppellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error." (citation and internal quotation marks omitted)). Accordingly, we reform the judgment to reflect the trial court's finding that Porter violated the terms of his community supervision by contacting the complainant, traveling out of state without permission, and removing his ankle-monitoring device.

We affirm the trial court's judgment as reformed and grant counsel's motion to withdraw. *See* TEX. R. APP. P. 43.2(b). Appointed counsel still has a duty to inform Porter of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review. *See id*. at 827 & n.6.

4

Attorney Angela Cameron must immediately send the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

Do not publish. TEX. R. APP. P. 47.2(b).