**Opinion issued January 23, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-12-01176-CR**

———————————

**RICKY BERRY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1310202**

---

## MEMORANDUM OPINION

Appellant, Ricky Berry, pleaded guilty to the offense of aggravated robbery with a deadly weapon, without an agreed recommendation from the State regarding punishment. *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011). The trial court found appellant guilty and assessed punishment at 20 years' confinement.

The trial court certified that this is not a plea bargain case and that appellant has the right to appeal. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

In his pro se response, appellant argues that he was deprived of his right to confront the witnesses against him by the inclusion of certain statements regarding uncharged offenses against a Mr. Batyuk and a Mrs. Willis in the presentence investigation report introduced at his punishment hearing. Our review of the record however, reveals that the trial court disclaimed reliance on the alleged offense against Mr. Batyuk in assessing punishment. Furthermore, appellant did not object

on hearsay or confrontation grounds to statements by the family of Mrs. Willis supporting that portion of the report. *See Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (overruling appellant's confrontation clause issues because he did not preserve issue at trial).

Appellant also argues in his response that he received ineffective assistance of counsel and that his guilty plea was involuntary because his counsel assured him he would receive deferred adjudication and drug treatment if he pleaded guilty. Appellant's proposed claim, however, is not a meritorious ground for appeal, given the record in this case. An appellate court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065 (1984). As such, "counsel's deficiency must be affirmatively demonstrated in the trial record." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). In consequence, "the record on direct appeal is in almost all cases inadequate to show that counsel's conduct fell below an objectively reasonable standard of performance and . . . the better course is to pursue the claim in habeas proceedings." *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). The only exception is when counsel's conduct "was so outrageous that no competent attorney would have engaged in it." *Id.* at 101. Here, appellant would raise his claim of ineffective

assistance for the first time on appeal. He included with his response the affidavits of his mother and step-father supporting his claim that his attorney promised him deferred adjudication and drug treatment. Appellant's claim and the affidavits of his parents were not presented to the trial court, on a motion for new trial or otherwise, and his counsel was given no opportunity to contest or contextualize these allegations. Since "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective," *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003), appellant's proposed claim of ineffective assistance of counsel does not present meritorious grounds for appeal.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). An appellant may challenge a holding that there are no

4

arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

However, we further find that the judgment contains a scrivener's error regarding time to be credited for periods when appellant was detained in the county jail. The judgment lists an interval from "6/17/2012" to "7/14/2011." A review of the docket sheet makes plain that "6/17/2012" should read "6/17/2011." We will modify the judgment accordingly. *See Joles v. State*, 563 S.W.2d 619, 622 (Tex. Crim. App. 1978) ("Where, as in the present case, this Court has the necessary data and evidence before it for reformation, the judgment and sentence may be reformed on appeal.").

We affirm the judgment of the trial court as modified to rectify the scrivener's error and grant counsel's motion to withdraw.[*]   Attorney Terrence Gaiser must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

---

[*] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Massengale.

Do not publish.  TEX. R. APP. P. 47.2(b).