Richard Leroy REHWALT, Appellant,

v.

The STATE of Texas, Appellee.

No. 46470.

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

declared unconstitutional in its present form. See Furman v. Georgia and Branch v. Texas, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346.

Richard P. Dambold, of Fairweather, Hale & Dambold, Amarillo, for appellant.

Tom Curtis, Dist. Atty., David B. Kiker, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from an order revoking probation.

Upon his plea of guilty, appellant was convicted for the offense of felony theft on July 6, 1971, and his punishment was assessed at 4 years. Imposition of the sentence was suspended and probation granted. A motion to revoke appellant's probation was filed, alleging that he violated the condition of his probation that required him to "work faithfully at suitable employment as far as possible." On June 8, 1972, a hearing on the motion was conducted, after which the trial court found that he failed to comply with such condition and revoked the probation.

The appellant argues that the state's evidence is insufficient to prove the violation alleged.

John Amend, an adult probation officer, testified that he assisted appellant in obtaining employment at Wyatt's Cafeteria by arranging for appellant to see Blake Adams, the manager of Wyatt's Cafeteria, on May 15, or May 16th, 1972.

Blake Adams testified that he hired appellant at Wyatt's Cafeteria as a dishwasher and that his first day of employment was May 17, 1972; that appellant worked at Wyatt's through May 23rd; that he showed up late at least four days and that one day he did not show up at all; however, someone called in stating that appellant was sick. He testified that the appellant did not show up for work on either May 24 or May 25, 1972, and that appellant did not call in on either of those days and for this reason his employment was terminated.

Stephen Roberts testified that the appellant started working for him in his construction business on May 23rd and worked until May 30th, 1972, when appellant was arrested. A check dated May 23, 1972, made out to the appellant, for $15.00 and signed by Steve Roberts, was introduced into evidence. This check is shown to have been cashed on May 25, 1972. Roberts testified that on another day he paid appellant by check, and on other days he paid him in cash.

Appellant, testifying in his own behalf, stated that he had been continuously employed from May 17th to May 30th, 1972, the date he was arrested. He admitted that he showed up late for work at Wyatt's on occasion, but stated that he was not told the time at which he was to report and also he had some difficulty making bus connections. He also admitted that he did not inform either the probation department or his employer at Wyatt's Cafeteria that he had started working for Roberts Construction Company on May 23, 1972.

The record before us fails to show that appellant did not "work faithfully at suitable employment as far as possible." To the contrary, the record shows that although he may not have been a model employee, he did in fact work at some employment until he was arrested.

The state argues that the trial court, acting within its discretion, "chose not to believe or gave little weight to the testimony of the witnesses called by the defense." Even so, the state's evidence alone fails to show that appellant did not "work faithfully at suitable employment as far as possible." Therefore, the evidence is insufficient to support the order revoking probation and there was an abuse of discretion in the entry of such order. Butler v.

State, Tex.Cr.App., 486 S.W.2d 331; Germany v. State, Tex.Cr.App., 486 S.W.2d 324; Perry v. State, Tex.Cr.App., 459 S.W.2d 865.

The judgment is reversed and the cause remanded.