Johnny **DURESO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–98–00480–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 25, 1999.

Paul Mewis, Houston, for Appellant.

John B. Holmes, Alan Curry, Houston, for Appellee.

Panel consists of Justices MIRABAL, WILSON, and ANDELL.

## OPINION

MARGARET GARNER MIRABAL, Justice.

Appellant, Johnny Dureso, pled guilty to theft from person. In accordance with a plea bargain, the trial court found appellant guilty and assessed punishment at two years confinement, suspended, and placed appellant on community supervision for five years. The date of the judgment was January 21, 1998. Seven weeks later, on March 9, 1998, the State filed a motion to revoke community supervision, alleging appellant had violated the terms of probation. Appellant pled not true to the allegations. After a hearing, the trial court revoked appellant's community supervision and sentenced appellant to 18 months confinement. We reverse.

In issue one, appellant argues the trial court erred in finding him guilty of the underlying offense of theft from a person.

The right to appeal for a review of the conviction and punishment is at the time the defendant is placed on community supervision. TEX.CODE CRIM. P. ANN. art. 42.12, § 23(b) (Vernon Supp.1999). *Hoskins v. State,* 425 S.W.2d 825, 829 (Tex.Crim.App. 1967); *Sanders v. State,* 657 S.W.2d 817, 819 (Tex.App.—Houston [1st Dist.] 1983, no pet.); *Crider v. State,* 848 S.W.2d 308, 310 (Tex. App.—Fort Worth 1993, pet. ref'd). Because appellant did not appeal his conviction and sentence until after his community supervision was revoked, his appeal of this issue is untimely.

We overrule issue one.

In issues three and six, appellant asserts the evidence was insufficient to show a violation of the terms of probation.

Conditions of probation (e) and (*l*) required that appellant:

(e) [w]ork continuously at suitable employment and notify the Probation Officer within 48 hours of any change in employment status; present written verification of employment (including all attempts to secure employment) once each month on your reporting date; and

(*l*) [p]articipate in a community service program, CSWPP where you are to perform a total of 120 hours, over a period of 12 months beginning 2/21/98. Perform no less than 10 hours per month.

The State alleged appellant: violated condition (e) by failing to maintain or secure employment for the months of January and February 1998, and violated condition (l) by failing to begin community service.

Our review of the evidence is limited to determining whether the trial court abused its discretion in revoking appellant's probation. *McDonald v. State,* 608 S.W.2d 192, 199 (Tex.Crim.App.1980). In conducting this review, we are to view the evidence in the light most favorable to the trial court's order. *Jones v. State,* 589 S.W.2d 419, 421 (Tex.Crim.App.1979); *Herrera v. State,* 951 S.W.2d 197, 199 (Tex.App.—Corpus Christi 1997, no pet.). The trial court is the exclusive judge of the credibility of witnesses and the weight to be given their testimony and determines if the allegations in the motion to revoke are sufficiently demonstrated. *Galvan v. State,* 846 S.W.2d 161, 162 (Tex.App.—Houston [1st Dist.] 1993, no pet.); *McFarlin v. State,* 661 S.W.2d 201, 203 (Tex.App.—Houston [1st Dist.] 1983, no pet.). The burden of proof in a probation revocation hearing is measured by a preponderance of the evidence. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex.Crim.App.1993).

In issue six, appellant asserts the trial court abused its discretion in finding a violation of condition (l). The court liaison officer testified appellant had until March 21 to complete the 10 hours of community service required for the month beginning February 21. On March 3, appellant was arrested; appellant had registered to start his community service and still had almost three weeks to complete the assignment.

We find the trial court abused its discretion in finding a violation of condition (l) when appellant was arrested and the State filed its motion to revoke before the expiration of the term in which appellant could perform the community service required for the month.

We sustain appellant's issue number six.

1. As a condition of community supervision, appellant was required, for the first nine months, to report twice monthly—on the 4th and 21st of each month.

In issue three, appellant asserts the trial court abused its discretion in finding a violation of condition (e).

The liaison officer for the trial court testified that appellant's probation records contained written notations indicating that: on February 4,[1] "Defendant states he is not working;" and that the probation officer offered appellant a job referral and job search forms, and encouraged appellant to find employment. The probation records also contained notations that on February 26, appellant was still unemployed, but that appellant "stated he has an application pending with Kroger and his uncle's place of employment and the probation officer encouraged the defendant with his job search."

Appellant's grandmother testified that she knew appellant was working with his uncle. She did not know the details of his employment, but when she tried to telephone appellant on a couple of occasions, she was told by the person who answered the phone that appellant was at work.

Appellant testified he was working part-time in his uncle's landscaping business, and that he told his probation officer he was working when he visited the probation office on February 26. Appellant testified that on the February 26 visit to the probation office, he was given permission to provide documentation of that employment at his next office visit on March 4. Appellant was arrested on March 3.

The probation officer did not testify.

For there to be a violation of a requirement to work at suitable employment, the evidence must show the defendant was able to get a job and failed to do so. *Steed v. State,* 467 S.W.2d 460, 461 (Tex.Crim.App. 1971). The record indicates that, as of the date of his conviction, January 21, 1998, appellant was unemployed. Appellant testified that in February, and up to the date of his arrest on March 3, he was employed. The written probation records reflect appellant made efforts to find gainful employment. There is no evidence that the 17-year-old appellant did not in good faith seek employ-

ment, nor is there any evidence that once he obtained employment, he failed to maintain employment until he was arrested. We conclude there was insufficient evidence to revoke appellant's community supervision for a failure to secure or maintain employment.

Accordingly, we sustain issue three.

In light of our rulings on issues one, three, and six, it is not necessary to address the remaining issues raised, and we decline to do so.

We reverse the order revoking appellant's community supervision and remand the cause to the trial court.

