IN THE
TENTH COURT OF APPEALS
 
 
No. 10-00-168-CR

     RODNEY EGBERT JORDAN,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 66th District Court
Hill County, Texas
Trial Court # 29,620
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Rodney Egbert Jordan pleaded guilty in June 1992 to possession of marijuana over four
ounces and under five pounds. The court sentenced him to ten years’ imprisonment, suspended
imposition of sentence, and placed him on probation for ten years. The court revoked Jordan’s
probation in September 1999 and sentenced him to six years’ imprisonment. Jordan claims in four
points that: 1) the trial court committed fundamental error by revoking his probation based on
arrests that occurred in Oklahoma, not convictions; 2) the trial court erroneously admitted an
Oklahoma probation case report as a public record; 3) the evidence is insufficient to support
revocation based on failure to report; and 4) the evidence is insufficient to support revocation
based on probation violations relating to domestic violence, resisting arrest, consumption of
alcohol and possession of a firearm by a convicted felon.
      Our review of revocation proceedings is limited to determining whether the trial court abused
its discretion in revoking community supervision. See McDonald v. State, 608 S.W.2d 192, 199
(Tex. Crim. App. 1980); Dunn v. State, 997 S.W.2d 885, 887 (Tex. App.—Waco 1999, pet.
ref’d.). We review the evidence in the light most favorable to the trial court’s ruling. See Garrett
v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); Dureso v. State, 988 S.W.2d 448, 450
(Tex. App.—Houston [1st Dist.] 1999, pet. ref’d.). The burden of proof in a probation revocation
hearing is measured by a preponderance of the evidence. See Cobb v. State, 851 S.W.2d 871, 874
(Tex. Crim. App.1993). If the evidence supports the finding of a single violation, we will affirm
the trial court’s order. See Dunn, 997 S.W.2d at 887.
      Jordan claims in point two that the trial court erroneously admitted a probation report from
the Oklahoma Department of Probation & Parole as a public record. The probation report
indicates Jordan did not report to his probation officer in Oklahoma for the months of July 1998
through September 1998, December 1998, April 1999, and November 1999. The State argues that
Jordan failed to preserve his complaint about the admission of this evidence because he did not
make timely objection. We agree.
      A timely objection to an evidentiary ruling is a prerequisite to preserving that complaint on
appeal. See Tex. R. App. P. 33.1(a)(1). Once admitted without objection, allegedly inadmissible
evidence enjoys a status equal to that of all other admissible evidence. See Marin v. State, 851
S.W.2d 275, 278 (Tex. Crim. App. 1993). The evidence has probative value and will support a
judgment in favor of the party offering it. See Id. Absent a timely objection to the probation
report, Jordan has failed to preserve his complaint on this issue.
      Jordan contends in point three that the evidence presented by the State is insufficient to
support revocation for failure to report. Jordan claims he cannot be held accountable for failure
to report in Jefferson County, Oklahoma, because the State presented no evidence that his
community supervision was transferred from Hill County, Texas to Oklahoma. The record does
not contain a transfer order requiring Jordan to report in Jefferson County, Oklahoma. However,
the record shows that Jordan was assigned a probation officer in Jefferson County. The record
also indicates that he reported several times and paid three hundred and twenty dollars in probation
fees to the Jefferson County probation department. We find the evidence sufficient to show that
Jordan knew he was required to report in Oklahoma and failure to do so subjected him to
revocation. Issue three is overruled.
      Because a single probation violation is sufficient to support revocation, we need not address
points one and four of this appeal. See Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App.
[Panel Op.] 1980); Marcum v. State, 983 S.W.2d 762, 766-67 (Tex. App.—Houston [14th Dist.]
1998, pet. ref'd).
      The judgment of the trial court is affirmed. 
 
                                                                               REX D. DAVIS
                                                                               Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed October 31, 2001
Do not publish
[CR25]