**Opinion issued January 17, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00360-CR

————————————

**JAMES EARL REESE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1141875**

---

## MEMORANDUM OPINION

James Earl Reese pleaded guilty to the third-degree felony offense of driving while intoxicated in March 2008. TEX. PENAL CODE ANN. § 49.04 & 49.09(b) (West 2011). At that time, the trial court suspended Reese's sentence and placed him under community supervision for five years. The State subsequently moved to

revoke Reese's community supervision, alleging that Reese had violated its conditions. The trial court granted the motion, revoked Reese's community supervision, and assessed his punishment at two years' confinement. On appeal, Reese contends that the trial court erred in (1) finding that Reese violated the terms of his community supervision and (2) revoking his community supervision based on his inability to pay, thereby violating his constitutional rights. He further contends that the written judgment revoking his community supervision fails to reflect the judgment announced in the hearing and recites findings on allegations not raised in the hearing. We conclude that the trial court did not abuse its discretion in revoking Reese's community supervision, but agree that the written judgment does not reflect the judgment announced in the hearing. We therefore modify the judgment of the trial court and affirm the judgment as modified.

## Background

In January 2011, the State moved to revoke Reese's community supervision alleging that he violated the conditions of his supervision by (1) failing to obtain suitable employment; (2) failing to pay supervision fees, a fine and court costs, and laboratory processing fees; (3) failing to obtain an in-home alcohol monitoring device; (4) committing an offense on July 22, 2010 in Chambers County; (5) giving a false and fictitious name to a peace officer on January 6, 2011; (6) traveling outside Harris County without authorization; and (7) operating a motor

vehicle without a required breath-analyzing device. Reese pleaded not true to the allegations. During a hearing on the motion, the State struck some of these allegations and proceeded on the first three: Reese's failure to obtain suitable employment, pay the required fees, and purchase the in-home alcohol monitoring device. After the hearing, the trial court granted the State's motion. The judgment revoking community supervision provided that Reese pleaded true to the allegations and waived his right to appeal. It further provided that the trial court found true all seven original allegations of the State, including those that the State had abandoned before the hearing.

Before June 2010, Reese was a contract employee, working on and off as a pipe-fitter, with short periods of unemployment between jobs. In June 2010, Reese reported that he was unemployed. According to Harris County Community Supervision policy, probationers must apply to four jobs each weekday to show sufficient efforts to obtain employment. Reese testified that he was aware of the policy. In July 2010, Reese met this requirement. The next two months, however, Reese reported no attempts to obtain employment. Reese told the supervision officer that he was not looking for a job because of transportation problems related to his community supervision. Reese reported applying to a few jobs in October and three jobs in November. Reese testified that he applied only to jobs related to his trade, although he knew any job would satisfy his community supervision

requirements.

The community supervision officer testified that she informed Reese that he was not complying with the conditions of his probation. She testified that Reese did not seem to care about his noncompliance and was nonchalant during their meetings. Reese was required to pay a monthly community supervision fee of $60, but had not made this payment in several months. He was behind by more than $1,300 in December 2010. The State also produced evidence that Reese did not purchase the required in-home alcohol monitoring device. Reese testified that he could not afford to pay the fees or purchase the device.

**Discussion**

*Standard of Review*

We review a trial court's order revoking community supervision under an abuse-of-discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The trial court abuses its discretion in issuing an order to revoke if the State fails to meet its burden of proof. *Greathouse v. State*, 33 S.W.3d 455, 458 (Tex. App.—Houston [1st Dist.] 2000, pet ref'd). We examine the evidence in the light most favorable to the trial court's order. *Id.* The trial judge is the sole trier of the facts and determines the credibility of the witnesses and the weight to be given to their testimony. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980); *Amado v. State*, 983 S.W.2d 330, 332 (Tex. App.—Houston [1st Dist.] 1998, pet.

4

ref'd).

In a community supervision revocation hearing, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Smith v. State*, 790 S.W.2d 366, 367 (Tex. App.—Houston [1st Dist.] 1990, writ ref'd). This standard is met when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision. *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983); *Akbar v. State*, 190 S.W.3d 119, 123 (Tex. App.—Houston [1st Dist.] 2005, no pet.). When several violations are found by the trial court, we will affirm the order revoking community supervision if the State proved any one violation by a preponderance of the evidence. *Sanchez v. State*, 603 S.W.2d 869, 870–71 (Tex. Crim. App. 1980); *Akbar*, 190 S.W.3d at 123.

*Failure to Diligently Seek Employment*

Reese contends that his violations of the conditions raised in the hearing—Reese's failure to secure and maintain employment, pay the required fees, and purchase the in-home alcohol monitoring device—resulted from his inability to pay. Therefore, he argues, revocation based on these conditions violates the Fourteenth Amendment of the United States Constitution under *Bearden v. Georgia*, 461 U.S. 660, 672, 103 S. Ct. 2064, 2072 (1983).

Maintaining suitable employment is an explicit condition of Reese's community supervision, and thus, a violation of the condition is an independent ground for revocation. *See e.g., Smith*, 790 S.W.2d at 367–68 (analyzing as separate the defendant's failure to pay restitution due to inability to pay and failure to secure employment). The defendant's employment status and ability to obtain employment are also factors to consider in determining the defendant's ability to pay. *See Bearden*, 461 U.S. at 672, 103 S.Ct. at 2072. We therefore first examine whether sufficient evidence supports a finding that Reese failed to secure and maintain employment.

To prevail on a motion to revoke based on lack of employment, the State must show that a defendant failed to exercise diligence and good faith in seeking employment. *See Dureso v. State*, 988 S.W.2d 448, 450–51 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). If it does, then the trial court's decision to revoke community supervision is sufficiently supported, and we need not address the other grounds, which Reese correctly observes, depend in part on his ability to pay. *See Sanchez*, 603 S.W.2d at 870–71 (holding that the violation of one condition is sufficient to support revocation). Short periods of unemployment, during which the defendant demonstrates some effort to obtain a job, will not support a finding that the defendant failed to secure and maintain employment. *See e.g., Dureso*, 988 S.W.2d at 450 (finding abuse of discretion in revoking community supervision

when defendant had been unemployed for only one month, during which time defendant applied for jobs); *Rehwalt v. State*, 489 S.W.2d 884, 885 (Tex. Crim. App. 1973) (finding abuse of discretion in revoking community supervision when State moved to revoke seven days after his employment terminated). Compliance with this condition does not turn on a defendant's ability to pay; rather, the question is whether the defendant made efforts to find work.

The record reveals that Reese had a longer period of unemployment than the State demonstrated in *Rehwalt* and *Dureso*. Reese was unemployed for an extended period—six months—before the State moved to revoke his community supervision. *See Rehwalt*, 489 S.W.2d at 885; *Dureso*, 988 S.W.2d at 450. Reese diligently sought employment during the first month he was unemployed, but after that month, he made no effort to seek employment for the second and third months, explaining that his community supervision made it too difficult. Over the fourth and fifth months he applied for only a few jobs. Reese was aware that the Harris County Supervision policy required him to complete four job applications per weekday to show reasonable efforts to obtain employment. This policy was not a condition of Reese's community supervision. *See DeGay v. State*, 741 S.W.2d 445, 450 (Tex. Crim. App. 1987) (explaining clear distinction between rules imposed by a probation officer and the conditions of probation). Still, Reese's failure to show reasonable efforts to comply with this policy is evidence that Reese did not

diligently attempt to obtain employment. Reese was aware that any job would have satisfied the conditions of his community supervision. Yet, he limited his search to jobs he preferred, where he could use his skills as a pipe-fitter. Reese noted that his lack of transportation hampered his job search efforts, but the trial court could have concluded that, given Reese's difference in behavior between the first month, when he sent many applications, and the subsequent months, when he completed few, if any, applications, Reese had simply stopped looking for work.

From this evidence, the trial court reasonably could have found that Reese did not exercise diligence in seeking employment. *See Dureso*, 988 S.W.2d at 450. Viewing the record in a light favorable to the trial court's ruling, we hold that the trial court's finding that the defendant had not secured and maintained suitable employment was within its discretion. *See Greathouse*, 33 S.W.3d at 458. Because proof of any one alleged violation is sufficient to support an order revoking probation, we need not review whether sufficient evidence exists to support the other violations raised in the hearing or whether revocation on those grounds violated Reese's constitutional rights. *See Sanchez*, 603 S.W.2d at 870–71; *Akbar*, 190 S.W.3d at 123.

*Reformation of the Judgment*

Reese complains that the judgment revoking community supervision does not reflect the judgment announced in the hearing, and it erroneously recites

8

findings regarding violations neither raised nor supported by evidence in the hearing. When the record reflects a clerical variance between a judgment announced in open court and the judgment eventually signed by the trial judge, the appellate court can modify the judgment to correct the mistake. TEX. R. APP. P. § 43.2(b); *Mazloum v. State*, 772 S.W.2d 131, 132 (Tex. Crim. App. 1989); *see Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998).

Both parties agree that the written judgment is in error in that it provides that Reese pleaded "true" to the allegations and waived his right to an appeal. The record reflects that Reese pleaded "not true" to the State's allegations. The trial court judge informed Reese at the end of the hearing, "You have the right to appeal." We therefore modify the trial court judgment to reflect that Reese pleaded not true to the State's allegations and retained his right to appeal.

Additionally, the State proceeded in the hearing alleging only that Reese failed to obtain suitable employment, failed to pay the required fees, and failed to obtain an in-home alcohol monitoring device. It introduced no evidence to support the findings that Reese (1) committed an offense on July 22, 2010 in Chambers County; (2) gave a false and fictitious name to a peace officer on January 6, 2011; (3) traveled outside Harris County without authorization; and (4) operated a motor vehicle without a required alcohol monitoring device. The trial court erred in reciting these findings in the judgment. We therefore modify the judgment to

remove these findings.

## Conclusion

Based on the record, we hold that sufficient evidence supports the trial court's finding that the defendant violated the conditions of his community supervision by failing to use diligent efforts to secure suitable employment. We further hold that the record supports a modification of the trial court's judgment to reflect that Reese pleaded not true and retained the right to appeal, and to remove the unsupported findings. We therefore modify the trial court judgment, and affirm the judgment of the trial court as modified.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).