PD-0121-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/22/2015 12:36:03 PM
Accepted 2/26/2015 11:32:02 AM
ABEL ACOSTA
CLERK

NO. PD-0121-15

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

CHARLES EDWARD TUMLINSON,

Appellant,

v.

THE STATE OF TEXAS,

Appellee.

From the First Court of Appeals
No. 01-14-00238-CR

Appealed from the 149th Judicial District Court
of Brazoria County, Texas
Trial Court Cause No. 50946
Honorable Terri Holder, Judge Presiding

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

FILED IN
COURT OF CRIMINAL APPEALS

February 26, 2015

ABEL ACOSTA, CLERK

D. CRAIG HUGHES
State Bar No. 10211025
**LAW OFFICES OF D. CRAIG HUGHES**
7322 Southwest Freeway, Suite 1100
Houston, Texas 77074
Tel - (713) 535-0683
Fax - (713) 981-3805
ATTORNEY FOR APPELLANT
CHARLES EDWARD TUMLINSON

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

IDENTITY OF JUDGE, PARTIES, AND COUNSEL. . . . . . . . . . . . . . . . . . . . iv

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

GROUND FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**The Court of Appeals Erred in Affirming the District Court's Judgment Granting the State's First Amended Motion to Adjudicate Guilt** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.   Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.   Discussion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION AND PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

APPENDIX

# INDEX OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Bearden v. Georgia*, 461 U.S. 660 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 11

*Duncan v. State*, 321 S.W.3d 53, 56 (Tex. App.-Houston [1st Dist.] 2010, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

*Dureso v. State*, 988 S.W.2d 448, 450-51 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

*Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1972). . . . . . . . . . . . . . . . . . . . . . . 10

*Gipson v. State*, 383 S.W.3d 152 (Tex. Crim. App. 2012). . . . . . . . . . . . . . . 9, 11

*Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). . . . . . . . . . . . . . 2

*Pierce v. State*, 113 S.W.3d 431, 437 (Tex.App.—Texarkana 2003, no pet. h.).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Zablocki v. Redhail*, 434 U.S. 374, 400 (1978).. . . . . . . . . . . . . . . . . . . . . . .10

**Statutes and Rules**

Section 3.01,Texas Penal Code.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

Section 22.011(a)(2)(A),Texas Penal Code. . . . . . . . . . . . . . . . . . . . . . . . .. . . .1

Section 21.11,Texas Penal Code . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (West Supp. 2010). . . . . . . . . . . . . 2

Tex. Code Crim. Proc. Art. 42.12 § 21(c) (Vernon Supp.2003).. . . . . . . . . . . . . 2, 11

# IDENTITY OF JUDGE, PARTIES, AND COUNSEL

Pursuant to Rule 68.4(a) of the Texas Rules of Appellate Procedure, a complete list of the names of all interested parties is provided below.

1. Honorable Terri Holder, Presiding District Judge

2. Charles Edward Tumlinson, Appellant

2. Bill Leathers, trial counsel for Appellant

3. D. Craig Hughes, trial and appellate counsel for Appellant

4. Jeri Yenne, Brazoria County Criminal District Attorney

5. Greg McMillian, Brazoria County Assistant Criminal District Attorney

6. Brian Hrach, Brazoria County Assistant Criminal District Attorney

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument to aid the Court in the decisional process.

# STATEMENT OF THE CASE

On February 22, 2006, a grand jury in Brazoria County, Texas, returned a two (2) count Indictment against Charles Edward Tumlinson ("Tumlinson"). Count One charged him with Aggravated Sexual Assault of a Child, in violation of Section 22.011(a)(2)(A) of the Texas Penal Code ("TPC"); Count Two charged him with Indecency with a Child by Contact, in violation of Section 21.11 of the TPC. The Indictment further alleged that the charged conduct arose from, and constituted a Criminal Episode, pursuant to Section 3.01 of the TPC. See CR 5.[1]

On October 23, 2007, the Court issued an Order of Deferred Adjudication Placement of Community Supervision ("Order") with respect to both Counts One and Two, with specific terms and conditions. See CR6. On August 19, 2013, the State filed its First Amended Motion to Adjudicate Guilt ("Motion"). See CR 21.

On March 14, 2014, a Hearing was held on the Motion. 2 RR at 1.

On March 20, 2014, a Judgment Adjudicating Guilt ("Judgment") was entered and Tumlinson was sentenced to thirty (30) years confinement in the Texas Department of Criminal Justice-Institutional Division ("TDCJ") on Count One, and twenty (20) years confinement in TDCJ on Count Two, to run concurrent. See CR51.

On March 20, 2014, Tumlinson filed a Notice of Appeal. See CR49.

On December 18, 2014, the Court of Appeals for the First District of Texas affirmed the judgment of the district court.

---

[1] "CR" refers to the Clerk's Record, which is immediately followed by the Entry Number. "RR" refers to the Reporter's Record, which is immediately preceded by the Volume number and immediately followed by the Reporter Record's page number(s).

## STATEMENT OF PROCEDURAL HISTORY

On December 18, 2014, the Court of Appeals for the First District of Texas affirmed the Judgment of the District Court. A copy of that opinion is attached in the Appendix. No Motion for Rehearing was filed in the appellate court.

## GROUND FOR REVIEW

Whether the Court of Appeals erred in affirming the District Court's judgment granting the State's First Amended Motion to Adjudicate Guilt.

## ARGUMENT

### THE COURT OF APPEALS ERRED IN AFFIRMING THE DISTRICT COURT'S JUDGMENT GRANTING THE STATE'S FIRST AMENDED MOTION TO ADJUDICATE GUILT.

### A. Standard of Review

The decision to proceed to an adjudication of guilt is reviewed in the same manner as a revocation of "ordinary" community supervision. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (West Supp. 2010); *Duncan v. State*, 321 S.W.3d 53, 56 (Tex. App.-Houston [1st Dist.] 2010, pet. ref'd). This Court reviews a decision to revoke community supervision, and by extension a decision to adjudicate, for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Duncan*, 321 S.W.3d at 56-57. An order revoking community supervision must be supported by a preponderance of the evidence. The State carries the burden of proving every element of at least one revocation ground by a preponderance of the evidence. See *Pierce v. State*, 113 S.W.3d 431, 437 (Tex.App.—Texarkana 2003, no pet. h.); citing Tex. Code Crim. Proc. Art. 42.12 § 21 (Vernon Supp.2003).

2

**B.    Discussion**

On March 20, 2014, the Court pronounced sentence in this case. 3 RR at 4. The Court found that Tumlinson had violated certain terms and conditions of his deferred adjudication probation, and revoked his community supervision for Count One, alleging aggravated sexual assault of a child, and for Count Two, alleging indecency with a child by contact, and sentenced him to serve 30 years confinement in TDCJ on Count One, and 20 years confinement in TDCJ on Count Two, to run concurrent. *Id.*

In the Motion, there were four (4) alleged violations of the terms and conditions of Tumlinson's community supervision at issue: (1) failure to support dependents; (2) failure to maintain consistent employment; (2) failure to seek suitable employment; and (4) failure to successfully participate in a sex offender treatment program. See CR 21.

(1)    Allegation Three– Failure to Successfully Participate in a Sex Offender Treatment Program

The Court of Appeals exclusively focused on the allegation that Tumlinson failed to "successfully" participate in a sex offender treatment program in affirming the District Court Judgment. Condition No. 2 of Tumlinson's conditions of probation, sex offender special conditions, stated simply:

> "A defendant shall attend and participate in a sex offender treatment program."

*Id.*

That condition did ***not*** define what constituted "successful" participation, or require same. Defense counsel asserted that participation, as defined in the terms and

3

conditions of community supervision, simply meant attendance at all meetings, prompt payment of fees, and acknowledgment of responsibility for the defendant's offense. 2 RR at 188-89. O'Brien Counseling ("O'Brien") records introduced into evidence at the revocation hearing proved that Tumlinson had missed only four group therapy sessions during the approximately five (5) years that he attended sex offender therapy. State's witness Henry John ("John"), who was a contract therapist with O'Brien, testified at the revocation hearing that Tumlinson acknowledged responsibility for his offense. See 2 RR at 3. John also testified that Tumlinson started treatment at O'Brien on February 28, 2008, and continued with same into 2013, a period of approximately five (5) years. 2 RR at 11. He further described the four (4) levels of treatment at O'Brien, as well as Tumlinson's participation in group therapy and his advancement through those levels. 2 RR at 12-16. Therefore, evidence was presented to the district court that Tumlinson did actively participate in a sex offender treatment program, as defined in the terms and conditions of his community supervision, which was all that was required of him.

As noted, the Court of Appeals specifically focused on this one allegation, stating that "because this ground is sufficient to support the trial court's adjudication of guilty, we do not need to reach Appellant's challenges to the other grounds." See *Tumlinson v. State,* (No. 01-14-00238-CR) (Tex.App.– Houston [1st Dist.] December 18, 2014)("*Tumlinson*") at 8. In support of this premise, the Court of Appeals cited *Canseco v. State,* 199 S.W. 3d 437, 438 (Tex.App.— Houston [1st Dist.] 2006, pet. ref'd). The Court of Appeals further found that while Appellant was in the third phase

4

of his sex offender therapy treatment, he identified previously undisclosed details of his offense that had not been part of his existing treatment. See *Tumlinson,* at 7. As a result, he was returned to the first phase of treatment. *Id.* After he returned to the first phase of treatment, the Court of Appeals found that his active involvement in the therapy sessions declined. *Id.* Further, when he did participate, his answers to questions became more "tangential, indirect and vague." *Id.* Ultimately, the decision was made to terminate him from the therapy sessions and move him back to the first level. *Id.* According to the Court of Appeals, these decisions were made by the clinical staff with consultation from the probation department to which Tumlinson reported.

Tumlinson was removed from his original group therapy program in late July of 2013. The State filed its motion to adjudicate in early August of 2013. At that time, the Court of Appeals found that he was not involved in any group therapy program.

It is essential to note that during the five (5) years that he attended his sex offender therapy group, Tumlinson only missed four sessions, one as a result of being evacuated due to Hurricane Ike. State witness John testified that Tumlinson was making progress toward responsible treatment goals. See 2 RR at 3. Dr. Scott Hickey ("Hickey"), a State of Texas licensed clinical psychologist and sex offender treatment provider, testified that during his sex offender group therapy sessions with Tumlinson, that he was an "attentive and cooperative group participant", paying attention to what others had to say and offering constructive feedback. See 2 RR at 108. The State's decision to file a motion to adjudicate Tumlinson was wholly

premature. There is no question that Tumlinson did successfully participate in a sex offender treatment program for five years. During the short period of time that he was not involved, he was seeking a new sex therapy program.

For the above and foregoing reasons, Tumlinson prays that the Court of Appeal's decision affirming the District Court's Judgment to revoke his community supervision be reversed and remanded, that the Judgment of the District Court be vacated, and that his community supervision be reinstated.

(2 & 3)     Allegations One and Two – Failure to Maintain Consistent Employment and Failure to Seek Suitable Employment

To prevail on a motion to revoke based on lack of employment, the State must show that a defendant failed to exercise diligence and good faith in seeking employment. See *Dureso v. State*, 988 S.W.2d 448, 450-51 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). If it does, then the trial court's decision to revoke community supervision is sufficiently supported, and other grounds need not be addressed. *Id.* Short periods of unemployment, during which the defendant demonstrates some effort to obtain a job, will not support a finding that the defendant failed to secure and maintain employment. See *Dureso v.State*, 988 S.W.2d at 450-51 (finding abuse of discretion in revoking community supervision when defendant had been unemployed for only one month, during which time defendant applied for jobs); *Rehwalt v. State*, 489 S.W.2d 884, 885 (Tex. Crim. App. 1973) (finding abuse of discretion in revoking community supervision when State moved to revoke seven days after his employment terminated).

6

In the revocation motion, the State alleged in paragraph 1 that Tumlinson failed to ***maintain*** consistent employment, which the State claimed was a violation of the rules, regulations and policies of the BCCSCD. (Emphasis added). See 2 RR at 186. The Order stated in Condition E that Tumlinson was to:

> "Obey all rules, regulations and policies of the Brazoria County Community Supervision and Corrections Department."

*Id.*

At the revocation hearing, Tumlinson asserted that neither Jeffrey Morrison ("Morrison") nor Glenda Pegrenet ("Pegrenet"), who were employed as supervision officers with BCCSCD and were familiar with Tumlinson, or any other witness testified that ***maintaining*** consistent employment is a rule, regulation or policy of the BCCSCD. Morrison and Pegrenet testified that it was a condition of Tumlinson's community supervision to maintain consistent employment, but that language was not specifically stated in Term O, or anywhere else. Again, with respect to any alleged violation of Term E, there was no testimony by any witness that it was a rule, regulation or policy of the BCCSCD to maintain consistent employment. *Id.*

The State also alleged in the motion that Tumlinson did not seek suitable employment each and every month that he was on community supervision, in violation of Term "O". See CR 22. As such, the State's burden was to prove that Tumlinson did not seek suitable employment at any time during the entire term of his community supervision. If Tumlinson was able to show at any time during the term of his community supervision that he had sought suitable employment, which he clearly did, then the State's request that he be revoked for that violation should have

7

been denied. See *Dureso*, 988 S.W.2d at 450.

To rebut the State's allegations that Tumlinson failed to maintain consistent employment, and that he failed to seek suitable employment, Tumlinson offered the testimony of witnesses Mindy Tumlinson (Tumlinson's wife) [2 RR at 128], Barbara Jean Brown (Tumlinson's aunt) [2 RR at 153-156], Corey Tumlinson (Tumlinson's sister) [2 RR at 158], Denise Ahmed (Tumlinson's friend)[2 RR at 162], and Michael G. Cummings (Tumlinson's friend from church) [2 RR at 174] at the revocation hearing. Their testimony proved by a preponderance of the evidence that Tumlinson had maintained employment while on probation and was always obsessed with finding work.

Condition "O" of the Order stated that Tumlinson was to "seek suitable employment in some lawful occupation." It did not state that he could not be self employed. See 2 RR at 187. Further, it did not direct or specify a number of times Tumlinson had to seek employment. *Id.* It did not state that he had to go to one interview a week, one interview a month, one interview every quarter, or eight interviews a day. *Id.* Consequently, that language was impermissibly vague and ambiguous, and did not give Tumlinson sufficient notice of what he was required to do in order to comply. *Id.* Therefore, the District Court should not have found that alleged violation to be true.

(4)     Allegation Four– Failure to Support Dependents

Condition "P" of the terms and conditions of Tumlinson's community supervision provided that he was to:

8

"support the dependents that you now have, or that you acquired during the term of this community supervision."

2 RR at 189.

However, that condition of probation did not require Tumlinson to support his dependents at a certain level of his income, or to fully comply with any applicable child support orders. *Id.* As such, it simply required him to provide support. *Id.* Over the last thirty years, the U. S. Supreme Court, as well as Texas statutes, have addressed the permissibility of revocation or incarceration when a defendant is unable to pay amounts due pursuant to a community supervision order. See *Gibson v. State*, 383 S.W.3d 152 (Tex. Crim. App. 2012).

In federal constitutional law, the seminal case is *Bearden v. Georgia*, 461 U.S. 660 (1983) (holding that a sentencing court could not revoke probation for a failure to pay a fine or make restitution absent evidence and findings that the probationer willfully failed to pay and that alternative forms of punishment would be inadequate to meet the State's interests). In *Bearden*, the Supreme Court explained that the reason for a probationer's nonpayment is critical. "If the probationer has willfully refused to pay the fine or restitution when he has the means to pay, the State is perfectly justified in using imprisonment as a sanction to enforce collection." *Id.* at 668.

However, as here, if a probationer has made all reasonable efforts to pay obligations pursuant to a community supervision order, and yet cannot do so fully through no fault of his own, it is fundamentally unfair to revoke probation automatically without considering whether adequate alternative methods of punishing

9

the defendant are available. *Id.* The Supreme Court reasoned that it could be unconstitutional to deprive a defendant of his liberty when he was unable to pay. *Id.* at 672–73. Noting that "[d]ue process and equal protection principles converge in the Court's analysis," it concluded that, "[b]y sentencing petitioner to imprisonment simply because he could not pay the fine, without considering the reasons for the inability to pay or the propriety of reducing the fine or extending the time for payments or making alternative orders, the court automatically turned a fine into a prison sentence" in violation of the Fourteenth Amendment. *Id.* at 665, 674. This lack of fault provides a "substantial reaso[n] which justifie[s] or mitigate[s] the violation and make[s] revocation inappropriate." *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1972); *Cf. Zablocki v. Redhail*, 434 U.S. 374, 400 (1978) (distinguishing, under both due process and equal protection analyses, persons who shirk their moral and legal obligation to pay child support from those wholly unable to pay). The defendant's employment status and ability to obtain employment are also factors to consider in determining the defendant's ability to pay. See *Bearden*, 461 U.S. at 672.

With regard to Texas statutory law, at least a part of Tumlinson's sufficiency claim is governed by the ability-to-pay statute, which requires the State to prove, at a revocation hearing, that a defendant was able to pay and failed to pay certain fees. Tex. Code Crim. Proc. art. 42.12 § 21(c). This statute expressly applies to fees for appointed counsel, community supervision, and court costs. *Id.* In *Gibson*, the trial court revoked appellant's community supervision, not only for failure to make those payments explicitly listed in the statute, but also for failure to pay a fine and fees for

10

Crime Stoppers and pre-sentence investigation, which are not specifically listed in the statute. See *Gibson,* 383 S.W.3d at 158. The court of appeals determined that the statute applied to all of the amounts unpaid by appellant because the legislative history of the statute revealed that the Legislature intended that it conform to the due-process requirements set forth in *Bearden*. *Id.* As discussed, however, the court of appeals erred in construing the due-process requirement described in *Bearden* as an evidence-sufficiency requirement. See *Gibson*, 347 S.W.3d at 896. In *Gibson,* because the court of appeals misapplied *Bearden* in its analysis of the ability-to-pay statute, the Court remanded that case so that the lower court could consider, in light of its opinion, whether the ability-to-pay statute applied to appellant's unpaid amounts that were not explicitly listed in the statute. *Gibson*, 383 S.W.3d at 158. The Texas Court of Criminal Appeals has specifically noted the Texas ability-to-pay statute imposes an evidentiary burden on the State, and is reviewed under a sufficiency of the evidence analysis. See *Gibson*, 383 S.W.3d at 159.

In this case, the State failed to prove by a preponderance of the evidence that Tumlinson had an ability to pay more child support than the amount he did pay. The Court also failed to make any determination as to Tumlinson's ability to pay. Tumlinson did not "shirk" his obligation to pay support for his dependents. He made an affirmative effort to do so, even though the amount of payment was less than his court ordered child support.

11

## CONCLUSION AND PRAYER

For the above and foregoing reasons, Tumlinson prays that the Court of Appeal's decision affirming the District Court's Judgment to revoke his community supervision be reversed and remanded, that the Judgment of the District Court be vacated, and his community supervision be reinstated.

Respectfully submitted,

**LAW OFFICES OF D. CRAIG HUGHES**

 /s/ D. CRAIG HUGHES
D. CRAIG HUGHES
State Bar No. 10211025
7322 Southwest Freeway, Suite 1100
Houston, Texas 77074
Tel  - (713) 535-0683
Fax - (713) 981-3805
ATTORNEY FOR APPELLANT
CHARLES EDWARD TUMLINSON

## CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 9.4

I hereby certify that the above and foregoing brief complies with the type-volume limitation of Tex. R. APP. P. 9.4(i) because it contains 2963 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

This brief complies with the typeface requirements and the type style requirements of TEX. R. APP. P. 9.4(e) because it has been produced on a computer in conventional typeface using Times New Roman in 14 point font in the body of the brief and Times New Roman 12 point font in the footnotes.

 /s/ D. CRAIG HUGHES
D. CRAIG HUGHES

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2015, a true and correct copy of the above and foregoing Appellant's Petition for Discretionary Review was electronically filed and electronically served on the Brazoria County Criminal District Attorney's Office and that on February 23, 2015, a true and correct copy of the above and foregoing Petition of Discretionary Review was sent via U. S. Mail, postage prepaid, to the State's Prosecuting Attorney at P. O. Box 13046, Austin, Texas 78711-3046.

/s/ D. CRAIG HUGHES
D. CRAIG HUGHES

13

**Opinion issued December 18, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00238-CR

_____

**CHARLES EDWARD TUMLINSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 50946**

## MEMORANDUM OPINION

Appellant, Charles Edward Tumlinson, obtained deferred adjudication on

charges of aggravated sexual assault of a child[1] and of indecency with a child by

---

[1]      _See_ TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii), (2)(B) (Vernon Supp. 2014).

contact.[2] The State filed a motion to adjudicate guilt on four grounds of violating the terms of Appellant's community supervision. Appellant pleaded not true to the grounds. The trial court found three of the four grounds true, adjudicated Appellant's guilt, and assessed punishment at thirty years' confinement and twenty years' confinement, respectively, to be served concurrently. In one issue, Appellant argues the trial court abused its discretion by finding he violated the named grounds of the terms of his community supervision.

We affirm.

## Background

Appellant pleaded guilty to a charge of aggravated sexual assault of a child and a charge of indecency with a child by contact. The trial court accepted Appellant's pleas and placed him on 10 year's deferred adjudication in November 2007. One of the terms of Appellant's community supervision concerned participation in a sex offender treatment program. Specifically, Appellant was required to

> attend and participate in a sex offender treatment program . . . and obey all rules, regulations and policies of the designated program until successful completion and/or further orders of the court. Program participation is defined as attendance at all meetings, prompt payment of fees, acknowledgement of responsibility for the defendant's offenses, and progress toward responsible treatment goals.

---

[2] *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon 2011).

2

In its motion to adjudicate guilt, the State presented four grounds for determining that Appellant had violated his community supervision requirements. In one of those grounds, the State alleged that Appellant "failed to successfully participate in sex offender treatment."

At the hearing on the motion, H. John testified. John is a licensed sex offender therapist. He works for O'Brien Counseling, which provides counseling services to the Brazoria County Probation Department. John led the group therapy session that Appellant first attended as part of his community supervision requirements.

John testified that O'Brien Counseling's sex offender therapy services are based on four phases of treatment. Among other things, the first phase requires the offender to acknowledge the specific acts committed. The second phase involves the offender recognizing his thinking and behavior patterns and developing coping responses. The third phase, known as the victim empathy phase, involves teaching the offender to understand the perspective and feelings of the victim. In the last phase, the offender develops mechanisms to prevent relapse and to function independently of group counseling.

John informed the court that O'Brien Counseling typically expects offenders to complete the first phase between six months to a year. Appellant took just under two years. After that, Appellant completed the second phase in a shorter time

3

span. Once, he was in the third phase, however, Appellant reported details related to his underlying offenses that he had not previously disclosed in his therapy. Because he had not disclosed these details and incorporated them into his therapy, the counselors at O'Brien Counseling decided Appellant would need to return to the first phase of treatment to cover those additional details.

After he was returned to the first phase of treatment, Appellant became less invested in participating in his group therapy sessions. Over time, Appellant's accounts of the events of the offending acts became more inconsistent. His answers to questions became more tangential, indirect, and vague. Ultimately, the decision was made to terminate Appellant from the therapy sessions. The decision to move Appellant back to the first level and the decision to terminate Appellant from the therapy sessions were not made by one individual. Instead, the decisions were made by the clinical staff with consultation from the probation department to which Appellant reported.

Appellant's group therapy sessions were terminated on July 24, 2013. The State filed a motion to adjudicate guilt on August 2, 2013. A hearing on the motion was not held until March 14, 2014. Six weeks before the hearing, Appellant joined another sex offender therapy group. The group was led by Dr. J. S. Hickey. Dr. Hickey has a PhD in clinical psychology and is a sex offender treatment provider. Dr. Hickey testified for Appellant at the hearing on the motion

4

to adjudicate guilt. As a condition for participating in group sex abuse therapy, Dr. Hickey required Appellant to receive individual therapy for other disorders he felt Appellant had.[3] Dr. Hickey testified that Appellant had been cooperative in five out of the six therapy sessions Appellant had attended.

## Adjudication of Guilt

In his sole issue, Appellant argues the trial court abused its discretion by finding he violated the named grounds of the terms of his community supervision.

## A. Standard of Review & Applicable Law

A trial court's determination on a motion to adjudicate is reviewable in the same manner as a determination of a motion to revoke community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2014). A revocation proceeding is neither criminal nor civil in nature; rather, it is an administrative proceeding. *Canseco v. State*, 199 S.W.3d 437, 438 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). At a revocation hearing, the State must prove by a preponderance of the evidence that the defendant has violated a condition of his community supervision. *Id.* at 438. The State satisfies its burden if the greater weight of credible evidence creates a reasonable belief that the defendant violated a condition of his probation as alleged by the State. *Solis v. State*, 589 S.W.2d 444,

---

[3] John testified that he considered the possibility that Appellant had other psychological disorders that were preventing him from progressing in his treatment. John reviewed Appellant's psychological examination results and determined that Appellant did not indicate "any clinical psychopathology."

5

447 (Tex. Crim. App. 1979); *Armstrong v. State*, 82 S.W.3d 444, 448 (Tex. App.—Austin 2002, pet. ref'd). Proof of a single violation is sufficient to support a revocation. *Canseco*, 199 S.W.3d at 439.

Our review of an order adjudicating guilt and revoking community supervision is limited to determining whether the trial court abused its discretion in determining that the defendant violated the terms of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006); *Duncan v. State*, 321 S.W.3d 53, 56–57 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). We view the evidence in the light most favorable to the trial court's order. *Canseco*, 199 S.W.3d at 439; *Duncan*, 321 S.W.3d at 57. As the trier of fact at a revocation proceeding, the trial court determines the credibility of the witnesses and the weight to be given to their testimony. *Armstrong*, 82 S.W.3d at 448.

## B. Analysis

In its motion to adjudicate guilt, the State alleged that Appellant had violated four terms of his requirements for community supervision. One of the claims that the trial court found true was the claim that Appellant had failed to successfully participate in sex offender treatment.

> Under the terms of his community supervision, Appellant was required to
>
> attend and participate in a sex offender treatment program . . . and obey all rules, regulations and policies of the designated program until successful completion and/or further orders of the court. Program participation is defined as attendance at all meetings, prompt payment

6

of fees, acknowledgement of responsibility for the defendant's offenses, and progress toward responsible treatment goals.

Appellant claims that the terms of his community supervision did not define what successful participation meant. This is contradicted by the second sentence of this term, which explicitly defines "program participation." Appellant then asserts that we should define successful participation to mean that Appellant attended the meetings, promptly paid his fees, and acknowledged responsibility for his offense. This definition excludes the written requirement that program participation includes "progress toward responsible treatment goals."

John testified that the goals of the group sex offender therapy sessions include completing four phases of treatment. At a certain point in his therapy, Appellant had completed the first two phases. But while Appellant was in the third phase, Appellant identified previously undisclosed details of the offense that had not been part of his existing treatment. As a result, Appellant had to return to the first phase of treatment. After Appellant returned to the first phase of treatment, his active involvement in the therapy sessions declined. When he did participate, his answers to questions became more tangential, indirect, and vague. Ultimately, the decision was made to terminate Appellant from the therapy sessions. The decision to move Appellant back to the first level and the decision to terminate Appellant from the therapy sessions were not made by one individual. Instead, the

decisions were made by the clinical staff with consultation from the probation department to which Appellant reported.

Appellant points out that Dr. Hickey testified that, at the time of the hearing, Appellant was in a new group therapy program and had been cooperative in five out of the six therapy sessions Appellant had attended. Appellant argues that this shows that he did actively participate in a sex offender treatment program.

Appellant was removed from his original group therapy program in late July 2013. The State filed its motion to adjudicate guilt in early August 2013. At that time, Appellant was not involved in any group therapy program, let alone successfully participating in one. The simple fact that Appellant took steps to stop violating this term of his community supervision six months after he began violating it does not establish that no violation occurred. *See Canseco*, 199 S.W.3d at 439 (holding proof of single violation is sufficient to support revocation).

The State's burden of proof was by a preponderance of the evidence. *Id.* at 438. We review the trial court's ruling for an abuse of discretion. *Rickels*, 202 S.W.3d at 763. We hold that Appellant has failed to establish that the trial court abused its broad discretion by determining that Appellant violated this term of his community supervision. Because this ground is sufficient to support the trial court's adjudication of guilt, we do not need to reach Appellant's challenges to the other grounds. *See Canseco*, 199 S.W.3d at 439; TEX. R. APP. P. 47.1 (requiring

8

appellate courts to address every issue raised and *necessary* to final disposition of the appeal).

We overrule Appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

9